James Francis HILL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13520.

United States Court of Appeals Sixth Circuit.

June 26, 1958.

958

Arnold Morelli, Cincinnati, Ohio, James Francis Hill, pro se on brief, for appellant.

James M. Meek, Asst. U. S. Atty., Knoxville, Tenn., John C. Crawford, Jr., U. S. Atty., Knoxville, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.

PER CURIAM.

 This is an appeal from an order of the district court denying without a hearing a motion filed under 28 U.S.C.A., § 2255 to set aside a prison sentence which Hill is now serving as a result of conviction by a jury of federal criminal offenses. The motion alleged that although serious prejudicial errors were committed at the trial, Hill was physically prevented by government officials from taking a direct appeal from the judgment of conviction.

Previous efforts to vacate the appellant's sentence have been unsuccessful. See Hill v. United States, 6 Cir., 223 F.2d 699, certiorari denied 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768; Hill v. United States, 6 Cir., 1956, 238 F.2d 84. Assiduous court-appointed counsel contends, however, that the present proceeding presents a new factual issue upon which no hearing has ever been held and no finding ever made, and that the district court should therefore have conducted a hearing upon the present motion, despite the denial of the previous motions.

This contention is correct. No responsive pleading was filed by the government denying the factual allegations in the present motion. For the purpose of this appeal these allegations must be accepted. Dunn v. United States, 6 Cir., 1957, 245 F.2d 407; Zavada v. United States, 1958, 355 U.S. 392, 78 S.Ct. 383, 2 L.Ed.2d 356.

The district court was in error in denying the motion without a hearing to determine whether Hill was in fact prevented by government agents from appealing the original judgment of conviction. Cochran v. State of Kansas, 1942, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Dowd v. United States ex rel. Cook, 1951, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215.

The order of the district court is set aside and the case remanded for further proceedings.