**James Francis HILL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 13741.**

United States Court of Appeals
Sixth Circuit.

June 23, 1959.

James J. Ryan, Cincinnati, Ohio (appointed by the court), for appellant. James Francis Hill, in pro. per., on the brief.

James M. Meek, Asst. U. S. Atty., Chattanooga, Tenn., and John C. Crawford, Jr., James M. Meek, John F. Dugger, Knoxville, Tenn., on the brief, for appellee.

Before McALLISTER and MILLER, Circuit Judges, and CECIL, District Judge.

PER CURIAM.

Appellant was indicted, tried by jury, and convicted under separate indictments for transporting in interstate commerce a stolen motor vehicle and also a person who had theretofore been kidnapped and held for ransom. He received a sentence of twenty years for the kidnapping of-

fense and three years for the motor vehicle offense, to run non-currently. No appeal was taken.

On October 18, 1954, appellant filed proceedings in the District Court to vacate the judgment under Sec. 2255, Title 28, U.S.Code, which the District Judge dismissed. This Court affirmed. Hill v. United States, 6 Cir., 223 F.2d 699, certiorari denied, 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768. The opinion in that case gives the factual background of this litigation which is now before us for the fourth time. See also: Hill v. United States, 6 Cir., 238 F.2d 84, and Hill v. United States, 6 Cir., 256 F.2d 957.

Hill v. United States, supra, 256 F.2d 957, was another proceeding to vacate sentence under Sec. 2255, Title 28, U.S. Code, on the alleged ground that Hill was prevented by government agents from taking a direct appeal from the judgment of conviction. The District Judge dismissed this proceeding without a hearing. This Court held that he was entitled to a hearing on this new factual issue, and remanded the case to the District Court for such a hearing and findings.

Following remand, the District Judge held a full hearing, receiving the testimony of 18 witnesses, and found that no employee of the county jail or government agent or custodian of the Atlanta prison had refused the right to appellant to give notice of his appeal. He denied the motion to vacate, from which ruling the present appeal is taken.

■ A review of the evidence convinces us that not only is the finding not clearly erroneous, but is also supported by the great weight of the evidence.

Appellant's court-appointed counsel on this appeal, in his well prepared brief and oral argument, contends that in particular circumstances the fact that government agents do not affirmatively block a defendant's attempt to appeal is not decisive of the question, in that in such cases the representatives of the Government are charged with an affirmative duty to aid an indigent prisoner in exercising his legal rights, including the duty to remove from the mind of such a prisoner what may appear to him to be positive prohibitions upon his exercise of such rights. He urges upon us that such a duty, which was not performed, existed in this case requiring affirmative action on the part of government custodial agents by reason of appellant's unstable mental condition and his fear, even though not justified, of disciplinary action against him if he attempted to prepare legal papers in prison. Reliance is placed upon Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865, 870.

■■ Although there is broad general language in the opinion in Boykin v. Huff, supra, supporting appellant's contention, the ruling was not that the government agents failed to perform an affirmative duty, but that the trial judge in effect, through correspondence with the defendant, *prevented* him from exercising his right of appeal, and that, in any event, a letter written by the defendant and delivered to the trial judge within the time allowed for an appeal was legally sufficient to constitute the necessary appeal. The factual situation is materially different in the present case. There is no letter or written notice to the Court, the Clerk, or any other government representative that can be treated as the necessary *filing* of a notice of appeal. Rule 37(a), Rules of Criminal Procedure, 18 U.S.C.A.; United States v. Isabella, 2 Cir., 251 F.2d 223, 226; Jacobanis v. United States, 1 Cir., 256 F.2d 485. The evidence is overwhelmingly against appellant's contention that he told any custodial agent that he wanted to prepare a notice of appeal or that opportunities were not available to him to do so within the time allowed. The rules and regulations of the Atlanta Penitentiary did not prevent him from doing so. His own alleged fear of disciplinary action against him was unfounded and was not made known to any governmental custodial agent. As pointed out in Hill v. United States, supra, 6 Cir., 223 F.2d 699, he had, just shortly prior to his trial, been found mentally com-

petent to stand trial and in the opinion of his counsel was experienced in trial procedure and perfectly capable of conferring with counsel and of aiding and assisting in his defense. Under the circumstances we find no violation of appellant's rights in the failure of the governmental custodial agents to take affirmative action for the purpose of making effective the filing of a proper appeal.

 The filing of the notice of appeal as required by Rule 37(a), Rules of Criminal Procedure, is mandatory and jurisdictional. Appellant's failure to do so within the time provided by the rule deprives this Court of jurisdiction to consider the several alleged errors which he asks us to review. Marion v. United States, 9 Cir., 171 F.2d 185, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747; McIntosh v. United States, 5 Cir., 204 F.2d 545; United States v. Froehlich, 2 Cir., 166 F.2d 84; Swihart v. United States, 10 Cir., 169 F.2d 808; Wagner v. United States, 4 Cir., 220 F.2d 513.

The judgment is affirmed