James Francis **HILL**, Petitioner,

v.

UNITED STATES of America, Respondent.

Crim. Nos. 10113, 10114.

United States District Court E. D. Tennessee, S. D.

Jan. 14, 1960.

442

Joseph Roberts, Chattanooga, Tenn., for petitioner.

John C. Crawford, U. S. Atty., Knoxville, Tenn., for respondent.

ROBERT L. TAYLOR, District Judge.

Petitioner, James Francis Hill, has filed another motion, supported by brief, to vacate the sentences in these cases. The motion was filed on October 21, 1959 and amended November 16, 1959. The motion, as amended, was filed pursuant to Section 2255 of Title 28 U.S.C. Upon receipt of the motion, the Clerk was directed to turn over the files to the United States District Attorney for the Eastern District of Tennessee for response. The response was filed on January 7, 1960 and the matter is now before the Court for determination.

The sentences were pronounced by Judge Leslie R. Darr on June 4, 1954. Petitioner first filed a motion to vacate, based on Section 2255 of Title 28 U.S.C., on October 18, 1954, which was dismissed by the District Judge and affirmed by the Court of Appeals. 6 Cir., 223 F.2d 699, certiorari denied 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768.

Another motion was filed on March 15, 1956 and again denied by the District Court and the judgment affirmed, 6 Cir., 238 F.2d 84, certiorari denied 352 U.S. 1007, 77 S.Ct. 569, 1 L.Ed.2d 551.

On December 19, 1957 still another motion to vacate was denied by the District Court, but on appeal was remanded for a hearing on factual issues. 6 Cir., 256 F.2d 957.

The hearing was held pursuant to the mandate of the Court of Appeals in Chattanooga beginning September 10, 1958 and ending the following day. At the conclusion of this hearing, at which the Judge who has prepared this memorandum and order presided, detailed findings of fact and conclusions of law were made and the motion dismissed. Tr. 265 et. seq. The action of the District Court was affirmed by the Appellate Court. 6 Cir., 268 F.2d 203, certiorari denied 361 U.S. 834, 80 S.Ct. 110, 4 L.Ed.2d 93.

Petitioner's principal claim in the September 1958 hearing was that the employees of the Hamilton County Jail, in which he was incarcerated for a short time following the rendition of the sentences, and the agents, representatives and custodians of the Atlanta Prison, that being the institution to which he was taken from the Hamilton County Jail, refused him the right to give notice of his appeal during the ten-day period that followed the action of the District Court in overruling his motion for a new trial.

In the present motion, petitioner claims that he gave notice of his appeal within the ten-day period to the Clerk of the United States District Court for the Eastern District of Tennessee and the Clerk failed to file it or bring it to the attention of the Court.

Petitioner's brief in support of the motion indicated that petitioner got the idea that the District Court felt that he wrote or may have written a letter to the Clerk, within the ten-day period as provided by the applicable rule, giving notice of his appeal from the sentences. The pertinent language used by the Court is:

"He (petitioner) had access to pencils and paper to write and mail letters from the prison during this period, one of which was mailed to Judge Darr on June 14, 1954, and filed as Exhibit No. 1 in the record. Letters of this character could have been written by Hill to the clerk during the ten-day period after the motion for new trial was overruled." Tr. 269.

The Court used this language to support its conclusion that the petitioner did not give and was not deprived of giving a notice of appeal within the ten-day peri-

od following the rendition of the sentences and that he was not deprived of any constitutional rights.

The other questions made by petitioner in the present petition were made in the petition upon which the Court passed in the September 1958 hearing and found to be lacking in merit. In that connection, the Court said:

"It is this court's interpretation of the Court of Appeals' opinion that the case was remanded to this court for the sole purpose of hearing evidence on the question of whether or not Hill was denied his right to give notice of an appeal and, after hearing evidence on this subject, to determine from such evidence as to whether Hill was denied his constitutional right to give notice of appeal. If the court is not correct in its interpretation of this order, then the court would be required to pass on the other grounds contained in the petition which have just been mentioned.

"As a matter of precaution, and in order that the other court may have the views of this court, in the event of an appeal, it is the opinion of this court that all of the grounds in the petition, other than ground No. 5, complain of errors of law allegedly committed by the trial court, and that such alleged errors cannot be corrected in a proceeding under title 28, U.S.C. 2255. * * *" Tr. 271, 272.

The petitioner was given full opportunity in the September 1958 hearing to raise the question that he raises in his present motion. The present motion asks similar relief to that asked in the motion which was heard in the September 1958 hearing as well as in previous motions.

The Court has re-examined the motion and is of the opinion and finds that the files and records in the case conclusively show that petitioner is not entitled to relief; that he has not been deprived of any constitutional right; and, that his presence is not necessary for a hearing on the motion filed October 21, 1959 and amended November 16, 1959.

A separate order has this day been passed to the Clerk denying petitioner's motion, as amended.