HILL *v.* UNITED STATES.

No. 68. Argued December 5, 1961.—Decided January 22, 1962.

*Curtis R. Reitz,* by appointment of the Court, 365 U. S. 841, argued the cause and filed a brief for petitioner.

*Julia P. Cooper* argued the cause for the United States. With her on the briefs were *Solicitor General Cox, Assistant Attorney General Miller, Richard J. Medalie* and *Beatrice Rosenberg.*

MR. JUSTICE STEWART delivered the ·opinion of the Court.

In 1954 a jury in a Federal District Court found the petitioner guilty of transporting a kidnapped person in interstate commerce in violation of 18 U. S. C. § 1201, and

of transporting a stolen automobile in interstate commerce in violation of 18 U. S. C. § 2312. The petitioner was represented by court-appointed counsel at his trial. When, with counsel, he appeared before the District Judge for sentencing, the petitioner was not asked whether he wished to make a statement in his own behalf. The District Judge, after noting his familiarity with the petitioner's character and history, imposed consecutive prison sentences of twenty years and three years for the two offenses of which the jury had found the petitioner guilty. There was no appeal.[1]

The present litigation began in 1959 with the filing of a motion to vacate sentence under 28 U. S. C. § 2255. Among various grounds for relief asserted, the motion alleged that the petitioner at the time of sentencing had been "denied the right under Rule 32 (a) of Federal Rules of Criminal Procedure, Title 18 U. S. C. to have the opportunity to make a statement in his own behalf and to present any information in mitigation of punishment." The District Court denied the motion without explicitly discussing the Rule 32 (a) claim. 186 F. Supp. 441. The Court of Appeals affirmed, *per curiam*, 282 F. 2d 352. We granted certiorari "limited to the question of whether petitioner may raise his claim under Federal Criminal Rule 32 (a) in the proceeding which he has now brought." 365 U. S. 841.

Rule 32 (a) in pertinent part provides: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to

---

[1] In an earlier motion filed under 28 U. S. C. § 2255 the petitioner claimed that he had been prevented by government agents from appealing the judgment of conviction. The District Court denied the motion. The Court of Appeals set aside the District Court's order and directed that a hearing be had on the motion. 256 F. 2d 957. After a hearing before a different district judge, the motion was again denied. The Court of Appeals affirmed. 268 F. 2d 203.

present any information in mitigation of punishment." The meaning of this Rule was before the Court last Term in *Green* v. *United States,* 365 U. S. 301. Although there was no Court opinion in the *Green* case, eight members of the Court concurred in the view that Rule 32 (a) requires a district judge before imposing sentence to afford every convicted defendant an opportunity personally to speak in his own behalf. There thus remains no doubt as to what the Rule commands. Moreover, the present record makes clear that this petitioner was not given an express opportunity to make a personal statement at the time he was sentenced. This case, therefore, is totally unembarrassed by any such factual controversy as divided the Court in *Green.* The only issue presented is whether a district court's failure explicitly to afford a defendant an opportunity to make a statement at the time of sentencing furnishes, without more, grounds for a successful collateral attack upon the judgment and sentence.[2] We hold that the failure to follow the formal requirements of Rule 32 (a) is not of itself an error that can be raised by collateral attack, and we accordingly affirm the judgment of the Court of Appeals.

Section 2255 of Title 28, U. S. C., provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the

---

[2] The majority of the Court in the *Green* case did not decide whether the issue of a Rule 32 (a) violation could be raised on collateral attack, or whether such a violation "would constitute an error *per se* rendering the sentence illegal." 365 U. S., at 303.

maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack." [3]

The circumstances which led Congress in 1948 to enact this legislation were reviewed in detail by Chief Justice Vinson, writing for the Court in *United States* v. *Hayman,* 342 U. S. 205. It is unnecessary to review again here this legislative history, with which Chief Justice Vinson, as Chairman of the Judicial Conference of the United States, was particularly familiar. Suffice it to say that it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.[4] See *Heflin* v. *United States,* 358 U. S. 415, 421 (concurring opinion).

> "[A] review of the history of Section 2255 shows that it was passed at the instance of the Judicial Conference to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts. Nowhere in the history of Section 2255 do we find any purpose to impinge upon prisoners' rights of collateral attack upon their convictions. On the contrary, the sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the *same rights* in

---

[3] "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U. S. C. § 2255.

[4] See Parker, Limiting the Abuse of Habeas Corpus, 8 F. R. D. 171.

another and more convenient forum." *United States v. Hayman,* 342 U. S., at 219. (Emphasis added.) [5]

The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Bowen v. Johnston,* 306 U. S. 19, 27. See *Escoe v. Zerbst,* 295 U. S. 490; *Johnson v. Zerbst,* 304 U. S. 458; *Walker v. Johnston,* 312 U. S. 275; *Waley v. Johnston,* 316 U. S. 101.

In *Sunal v. Large,* 332 U. S. 174, the Court held that the remedy of habeas corpus was unavailable in circumstances far more compelling than are presented here. There the petitioners at their criminal trial had been denied an opportunity to present a defense which subsequent decisions of this Court had held should clearly have been available to them. What was said in that case is apposite here:

> "We are dealing here with a problem which has radiations far beyond the present cases. The courts which tried the defendants had jurisdiction over their persons and over the offense. They committed an error of law . . . . That error did not go to the jurisdiction of the trial court. Congress, moreover,

---

[5] The Courts of Appeals, at least since the *Hayman* decision, appear to have consistently understood the substantive scope of § 2255 to be the same as that of habeas corpus. See, *e. g., Larson v. United States,* 275 F. 2d 673 (C. A. 5th Cir.); *Black v. United States,* 269 F. 2d 38 (C. A. 9th Cir.); *Taylor v. United States,* 229 F. 2d 826, 832 (C. A. 8th Cir.); *Kreuter v. United States,* 201 F. 2d 33, 35 (C. A. 10th Cir.).

has provided a regular, orderly method for correction of all such errors by granting an appeal to the Circuit Court of Appeals and by vesting us with certiorari jurisdiction. It is not uncommon after a trial is ended and the time for appeal has passed to discover that a shift in the law or the impact of a new decision has given increased relevance to a point made at the trial but not pursued on appeal. . . . If in such circumstances, *habeas corpus* could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed. Error which was not deemed sufficiently adequate to warrant an appeal would acquire new implications. . . . Wise judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court." 332 U. S., at 181–182.

It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. Nor is it suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any relevant circumstances. Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak. Whether § 2255 relief would be available if a violation of Rule 32 (a) occurred in the context of other aggravating circumstances is a question we therefore do not consider. We decide only that such collateral relief is not available when all that is shown is a failure to comply with the formal requirements of the Rule.[6]

---

[6] See *Van Hook* v. *United States*, 365 U. S. 609, for the relief afforded on direct appeal in a case where the sentencing judge disregarded the mandate of Rule 32 (a).

It is suggested that although the petitioner denominated his motion as one brought under 28 U. S. C. § 2255, we may consider it as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure.[7] This is correct. *Heflin* v. *United States,* 358 U. S. 415, 418, 422. But, as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence,* not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence.[8] The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect.[9]

*Affirmed.*

MR. JUSTICE BLACK, with whom THE CHIEF JUSTICE, MR. JUSTICE DOUGLAS and MR. JUSTICE BRENNAN concur, dissenting.

The petitioner James Hill brought this proceeding to vacate two sentences under which he is imprisoned in a federal penitentiary, alleging that the sentences are

---

[7] Rule 35 provides in pertinent part: "The court may correct an illegal sentence at any time."

[8] As has been pointed out, Rule 35 "was a codification of existing law and was intended to remove any doubt created by the decision in *United States* v. *Mayer,* 235 U. S. 55, 67, as to the jurisdiction of a District Court to correct an illegal sentence after the expiration of the term at which it was entered." *Heflin* v. *United States,* 358 U. S., at 422 (concurring opinion).

[9] Compare *Heflin* v. *United States, supra.* In that case Rule 35 was invoked in a situation where we unanimously recognized that the only issue was whether "the sentence imposed was illegal on its face." 358 U. S., at 418 (Court opinion), 422 (concurring opinion). *Heflin* involved the imposition of separate consecutive sentences for a single offense.

illegal because the trial judge who imposed them had not given him the opportunity required by Rule 32 (a) of the Federal Rules of Criminal Procedure "to make a statement in his own behalf and to present any information in mitigation of punishment." Conceding that the sentences thus challenged were imposed without according petitioner his right to speak, the Court nonetheless denies relief under Rule 35's provision for the correction of "illegal" sentences on the ground that the sentences though imposed in flat violation of Rule 32 (a), were not "illegal" within the special meaning which the majority now ascribes to that word for the purposes of Rule 35.[1] The basic explanation offered for this drastic contraction of the ordinary meaning of the word "illegal" is this single statement in the Court's opinion:

> "The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect."

That statement to me amounts to something less than an entirely satisfactory justification for such a begrudging interpretation of Rule 35.

The Court's holding certainly finds no support in the language of Rule 35. That Rule, although painstakingly drawn by lawyers and approved both by Judges and by the Congress, simply provides for the correction of an "illegal sentence" without regard to the reasons why that sentence is illegal and contains not a single word to sup-

---

[1] Petitioner's attack upon his sentences was originally brought as a motion under 28 U. S. C. § 2255. Since I agree with the Court that a motion under § 2255 must, where appropriate, also be considered as a motion under Rule 35, and because I think petitioner is plainly entitled to relief under that Rule, I find it unnecessary to consider the question discussed by the Court as to whether petitioner is also entitled to relief under § 2255.

port the Court's conclusion that only a sentence illegal by reason of the punishment it imposes is "illegal" within the meaning of the Rule. I would have thought that a sentence imposed in an illegal manner—whether the amount or form of the punishment meted out constitutes an additional violation of law or not—would be recognized as an "illegal sentence" under any normal reading of the English language.[2] And precisely this sort of common-sense understanding of the language of Rule 35 has prevailed generally among the lower federal courts that deal with questions of the proper interpretation and application of these Rules as an everyday matter. Those courts have expressed their belief that, even where the punishment imposed upon a defendant is entirely within the limits prescribed for the crime of which he was convicted, a sentence imposed in a prohibited manner—as, for example, a sentence imposed upon an absent defendant in violation of the command of Rule 43 that a defendant be present at sentencing[3]—is an "illegal sentence" subject to correction under Rule 35.[4]

---

[2] This does not of course mean that Rule 35 permits attack upon a sentence based upon mere trial errors. Rule 35 applies to any "illegal sentence," not to any illegal conviction, and thus by its terms the Rule protects only those rights which a defendant retains even if the judgment of guilt against him is proper. See *Cook* v. *United States*, 171 F. 2d 567, 570–571.

[3] Rule 43 provides: "The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. . . ."

[4] See *Cook* v. *United States*, 171 F. 2d 567; *Crowe* v. *United States*, 200 F. 2d 526. Cf. *Williamson* v. *United States*, 265 F. 2d 236, 239. Similarly, it has also been held that Rule 35's corrective force extends to a sentence illegal by reason of the fact that the defendant upon whom it was imposed was insane at the time of sentencing. *Byrd* v. *Pescor*, 163 F. 2d 775. See also *Duggins* v. *United States*, 240 F. 2d 479, 483–484.

The Court's contrary decision today, however, was perhaps foreshadowed last Term by the narrow scope given to Rule 32 (a) when the issue of the meaning of that Rule came before us for the first time in *Green* v. *United States*.[5] That case, like this one, involved an attempt to vacate a sentence as "illegal" under Rule 35 on the ground that the trial judge had failed to accord the defendant his right to make a statement before sentencing. The record there showed merely that the trial judge, in the presence of both the defendant and his counsel, had asked generally, "Did you want to say something?" and that, in response to this question, the attorney rather than the defendant had spoken. Recognizing that the right accorded by Rule 32 (a) is a personal right which must be extended to the defendant himself, the Court nonetheless denied relief, largely upon the view expressed by four members of the Court that: "A record, certainly this record, unlike a play, is unaccompanied with stage directions which may tell the significant cast of the eye or the nod of the head. It may well be that the defendant himself was recognized and sufficiently apprised of his right to speak and chose to exercise this right through his counsel."[6] This conclusion was reached in spite of the fact that the Government's brief before this Court expressly conceded that Green had not been personally afforded an opportunity to speak.

But even in *Green*, not one member of the Court went so far as even to intimate—unless such an intimation was implicit in the concurring opinion of MR. JUSTICE STEWART[7]—that a sentence undeniably imposed in disre-

---

[5] 365 U. S. 301.

[6] *Id.*, at 304–305.

[7] But cf. MR. JUSTICE STEWART's concurring opinion in *Heflin* v. *United States*, 358 U. S. 415, 420, in which the four other members of the present majority concurred.

gard of the legal right of a defendant to speak for himself would not be an "illegal sentence." Four members of the Court—THE CHIEF JUSTICE, MR. JUSTICE DOUGLAS, MR. JUSTICE BRENNAN and I—expressly stated the view that such a sentence could be corrected under Rule 35's provision for the correction of "illegal" sentences. And four other members of the Court, in an opinion written by MR. JUSTICE FRANKFURTER, emphasized the importance of the right of the defendant to speak for himself, saying: "The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself." [8]   Although it is true that these latter four members of the Court joined in refusing to set aside the sentence in that case, their stated ground was: "The defendant has failed to meet his burden of showing that he was not accorded the personal right which Rule 32 (a) guarantees, and we therefore find that his sentence was not illegal." [9]   In the light of all these statements, it is not surprising that the Courts of Appeals for both the First and the Fifth Circuits have regarded the combined opinions in *Green* as requiring the correction of sentences as illegal when the defendant is able "to meet his burden of showing that he was not accorded the personal right which Rule 32 (a) guarantees." [10]

I think that a due observance of the requirements of Rule 32 (a), resting as they do upon the anciently recognized right of a defendant to speak to the court before sentence is imposed, is important to the proper administration of justice in the federal courts. And it seems to me that the Court is mistaken in thinking that the importance of that right is not reflected in this very case, for I cannot agree with the Court's conclusion that "there is

---

[8] 365 U. S., at 304.

[9] *Id.*, at 305.

[10] *Domenica* v. *United States,* 292 F. 2d 483; *Jenkins* v. *United States,* 293 F. 2d 96.

no claim that the defendant would have had anything at all to say if he had been formally invited to speak." According to the petitioner's brief, the denial of his right to speak was particularly injurious to him here because he had several previous convictions which presumably were known to the sentencing judge.[11] In this connection, he says: "Petitioner has been and is presently seeking collateral relief from those judgments and, indeed, has already had one set aside. This mitigating evidence, if known to the sentencing court, might have a profound impact upon the sentence imposed."

More importantly, however, whether the right to speak before sentence would have been of value to petitioner in this particular case or not, the right is one recognized by a rule which has the force of law and a sentence imposed in violation of law is plainly "illegal." If the Court is unhappy with the wording of Rule 35—a wording adopted by the Court itself and submitted to Congress for approval as required by law—whatever change is necessary to bring the Rule into conformity with the Court's present preferences should be incorporated into the explicit language of the Rule and submitted to Congress for its approval. I would reverse this case and remand it to allow the District Court to resentence petitioner after granting him his right to speak under Rule 32 (a).

---

[11] Rule 32 (c) provides for a presentence investigation and report to the trial judge for use in imposing sentence which "shall contain any prior criminal record of the defendant . . . ." Since this is not the sort of information which normally finds its way into the record at the trial itself, a defendant's only chance to explain or rebut such evidence will often be by exercise of his right under 32 (a).