**Henry Leon HOOD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17091.

United States Court of Appeals
Eighth Circuit.

Sept. 11, 1962.

Henry Leon Hood, in pro. per.

D. Jeff Lance, U. S. Atty., and Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., filed the motion to reconsider, etc.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

We previously granted appellant leave to appeal in forma pauperis from the trial court's denial of his motion under 28 U.S.C.A. § 2255, to have his sentence vacated, upon the question whether the court's failure, under Rule 32(a) of the Rules of Criminal Procedure, 18 U.S. C.A., to afford him an opportunity at the time of sentencing "to make a statement in his own behalf and to present any information in mitigation of punishment", was of such aspect in his situation as to have entitled him to a hearing on his motion.

The Government has since filed a motion to dismiss the appeal as frivolous, on the basis of Hill v. United States, 368 U.S. 424, 426, 82 S.Ct. 468, 470, 7 L.Ed. 2d 417, 420, where the Supreme Court said: "We hold that the failure to follow the formal requirements of Rule 32(a) is not of itself an error that can be raised by collateral attack * * * ". Reaffirmance of this holding was made in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 417.

An examination of the transcript of the sentencing proceedings shows that nothing is involved other than (within the language of the Machibroda case) "the failure of the District Court specifically to inquire at the time of sentencing whether the petitioner personally wanted to make a statement in his own behalf". No circumstances of a judicial abuse are present which could render the

proceedings void. The question on the appeal here thus is ruled by the holding in the Hill and Machibroda cases that failure to make such an inquiry of the defendant is "not of itself" a ground for vacating a sentence.

The motion of the Government to dismiss the appeal as frivolous is accordingly granted.

Appeal dismissed.