**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Francis HILL, Defendant-**
**Appellant.**

**No. 15045.**

United States Court of Appeals
Sixth Circuit.

July 2, 1963.

Delbert Lay, Cincinnati, Ohio, for appellant.

B. B. Guthrie, Asst. U. S. Atty., Chattanooga, Tenn. (J. H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before O'SULLIVAN, Circuit Judge, and BOYD and THORNTON, District Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying a motion to vacate sentence under Title 28 U.S.C. sec. 2255, and denying an alternative motion to correct illegal sentence under Rule 35,

654

Federal Rules of Criminal Procedure, Title 18 U.S.C.

Following indictment in the Eastern District of Tennessee in November 1952, for transporting a stolen vehicle in interstate commerce and for kidnapping, the District Court ordered a mental examination of the appellant, James Francis Hill, in accordance with Title 18 U.S.C., sec. 4244. As a result of this examination, Hill was committed to the custody of the Attorney General and placed in the United States Medical Center at Springfield, Missouri, until mentally competent to stand trial. He was later transferred from the Medical Center to Bridgewater State Hospital in Massachusetts.

On March 22, 1954, appellant, pro se, filed a petition for a Writ of Habeas Corpus in the United States District Court at Boston, Massachusetts, alleging among other things his competency and ability to stand trial for the offenses charged against him in Tennessee. Following a hearing, District Judge Wyzanski of the Massachusetts Court entered an order directing appellant's release unless removed to the Eastern District of Tennessee for trial within one week after entry of the order. After his removal, but prior to his trial at Chattanooga, Tennessee, the United States Attorney, not being satisfied as to appellant's competency, moved for a judicial determination thereof. On June 2, 1954, District Judge Darr conducted a thorough hearing and found appellant to be mentally competent to stand trial. Appellant was represented in the District Court by two competent court appointed attorneys. His trial consumed two days, and on June 4, a jury verdict of guilty was returned. Appellant was sentenced the same day. On October 1, 1954, he was returned to the Medical Center at Springfield, Missouri, and has been confined there since that time.

In the motion here under consideration, filed March 5, 1962, the appellant contends that he lost his sanity subsequent to the jury's verdict and prior to imposition of sentence and because of that the sentence was invalid.

After review of the files and record in this case and prior motions of the appellant,[1] the District Court denied the relief sought by the instant motion.

 As a general rule, a petitioner under Section 2255 must be granted a full judicial hearing if he alleges sufficient facts to support a contention that his sentence or judgment rendered thereon is void or otherwise subject to collateral attack. However, his motion may be denied if the files and records of the case "conclusively show" that his claim lacks merit. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. The sentencing court has discretion to ascertain whether the claim is substantial before granting a full hearing. In the exercise of this discretion all relevant material may be considered. The governing principle is stated in Sanders v. United States, supra, quoting from Salinger v. Loisel, 265 U.S. 224 at 231, 44 S.Ct. 519 at 521, 68 L.Ed. 989:

"* * * 'each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. * * *'"

A full and careful inquiry into the entire record and into all things having a rational bearing on the propriety of the relief here sought discloses conclusively that appellant's motion is without merit.

 The error alleged herein can not be raised by motion under Rule 35, Fed-

1. Hill v. United States, 6 Cir., 223 F. 2d 699; Hill v. United States, 6 Cir., 238 F.2d 84; Hill v. United States, 6 Cir., 256 F.2d 957; Hill v. United States, 6 Cir., 268 F.2d 203; Hill v. United States, D.C., 186 F.Supp. 441; Hill v. United States, 6 Cir., 282 F.2d 352; Hill v. United States, 365 U.S. 841, 81 S.Ct. 806, 5 L.Ed.2d 808; Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; Hill v. United States, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556.

eral Rules of Criminal Procedure, 18 U.S.C., Hill v. United States, 368 U.S. 424 at p. 430, 82 S.Ct. 468 at p. 472, 7 L.Ed.2d 417; Machibroda v. United States, supra.

There being no reversible error, the judgment of the District Court is affirmed.