**James Francis HILL**

v.

**UNITED STATES of America.**

**Civ. A. No. 4315.**

United States District Court
E. D. Tennessee, S. D.

Nov. 30, 1964.

Marvin Berke, Chattanooga, Tenn., for petitioner.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for respondent.

FRANK W. WILSON, District Judge.

This cause is before the Court upon a petition filed upon May 11, 1964, pursuant to the provisions of Section 2255, Title 28, of the United States Code. This is the sixth such petition filed in which

the petitioner seeks to have the judgments and sentences of this Court vacated and set aside in the cases of United States of America v. James Francis Hill, being Criminal Numbers 10,113 and 10,114. · The record reflects that upon June 4, 1954, following a trial by jury, the petitioner, James Francis Hill, was convicted under separate indictments of having transported in interstate commerce a stolen motor vehicle, and having transported across state lines a person who had theretofore been kidnapped and held for ransom. A sentence of twenty years was adjudged upon the kidnapping charge and three years upon the Dyer Act charge with the sentences to run consecutively. A motion for new trial was filed upon June 9, 1954, by his appointed counsel and after a hearing before Honorable Leslie R. Darr, the Trial Judge, was denied on June 15, 1954. An appeal was not taken from the judgment of conviction.

The original petition alleges that (1) the petitioner was denied a fair trial through the use of an "illegal, coerced confession by the Government"; (2) the petitioner was denied the right to make a statement in his own behalf and to present any information in mitigation of punishment upon sentencing by the Trial Judge; (3) the petitioner was denied his constitutional right to appeal his conviction by the Trial Judge's failure to advise the petitioner of his right to appeal when the petitioner was not represented by counsel during the ten-day period; (4) the petitioner was denied due process of law by the Trial Judge's refusal to appoint counsel to carry out petitioner's appeal; and (5) the petitioner was denied due process of law by refusal of his two Court appointed attorneys to subpoena witnesses, hospital records and to file a motion to suppress evidence. An amendment to the original petition was filed upon June 10, 1964, containing a repetition of allegations number three and four of the original petition.

The Government responded to the original and amended petitions upon June 19, 1964. The petitioner filed a "traverse" to the Government's response upon June 25, 1964.

By letter dated June 4, 1964, and filed in the record in this case upon June 26, 1964, the petitioner requested that Judge Robert L. Taylor recuse himself from deciding the instant petition. In addition, by letter of June 21, 1964, filed in the record of this cause upon June 24, 1964, the petitioner requested that the Court appoint counsel to represent him in this matter.

Judge Taylor recused himself and this Court entered an order upon July 6, 1964, appointing Attorney Marvin Berke to represent the petitioner and allowing the petitioner thirty days within which to file any additional grounds in support of his petition to vacate and set aside the criminal judgments of this Court. In so ordering it was the purpose of the Court to require that the petitioner present all contentions which he may conceivably have under Section 2255 in this petition to the end that the repeated filing of new petitions after adjudication of former petitions might end and the rights of the petitioner might be properly and finally adjudicated. In no other field of civil or criminal litigation is a party permitted to file repeated petitions or assert new legal theories or new factual allegations without limitation as to time upon a cause of action that has been previously adjudicated. If it were so, litigation would never end, Courts would rapidly become engulfed in such repeated litigation of a single cause of action and the administration of justice would become a farce.

Upon July 15, 1964, the petitioner, James Francis Hill, filed an extensive amended petition. This amended petition contained the following allegations in support of the petitioner's position to have the aforesaid criminal judgments and sentences set aside: (1) the Trial Court failed and refused to follow the expert opinions of psychiatrists that the petitioner was mentally incompetent to stand trial and the Trial Court accepted lay testimony over and above that of the experts; (2) the attorneys appointed by

the Trial Court failed to properly defend the petitioner in certain specified manners; (3) the allowance by the Trial Court of the use of perjured testimony by the prosecution; (4) the allowance by the Trial Court of the perusal by the jury of inflammatory and prejudicial newspaper and magazine articles relative to the petitioner's past; (5) the denial of a fair and impartial trial to the petitioner; (6) the withholding from the petitioner by the prosecution of pictures and statements which were inconsistent with the testimony of witnesses given upon the witness stand; (7) the failure of the Trial Court to properly instruct the jury upon insanity; (8) a denial of counsel during a four-day period when the petitioner was held by Florida police in collaboration with the F.B.I., during which period a confession was extracted from the petitioner by two F.B.I. agents; (9) the statement by the prosecuting attorney before the jury that the petitioner had been convicted of armed robbery in Florida; (10) the failure of the Trial Court to instruct the jury not to read newspaper accounts of the trial or not to discuss the trial with others when the jury was recessed overnight; (11) the prejudicial and inflammatory newspaper articles printed so that the petitioner would not receive a fair trial; (12) the prejudicial statements by the Trial Court at the time of the trial and before the jury regarding prior convictions in Florida; (13) the insanity of the petitioner at the time of committing the offense, at the time of the trial and at the time of the sentencing; (14) the admission by the Trial Court and the prosecuting attorney that they had read *True Detective* magazine stories regarding the petitioner's past; (15) the Trial Court's placing the burden of proof upon the petitioner in his defense of insanity; (16) the denial by the Trial Court of a trial transcript; and (17) all the other grounds theretofore set forth by the petitioner.

Upon July 18, 1964, the Government responded to the July 15, 1964, amendment filed by the petitioner. To the response the petitioner filed a "traverse" upon July 25, 1964.

The petitioner filed a further amendment to his petition upon August 1, 1964, restating allegations relating to the use of petitioner's confession and the use of perjured testimony by the Government. The Government responded to this latter amendment upon August 4, 1964, with a motion to strike or, in the alternative, for an order of the Court requiring the petitioner to set forth in detail any factual matter which the petitioner contended supported the allegations of the August 1st amendment. Without any order of the Court, the petitioner filed an "answer" to the alternative motion of the Government upon August 13, 1964, setting forth the factual matters alleged to support the August 1st allegations.

The Court will consider all the grounds set forth in the original petition and all amendments thereto as properly filed and properly before the Court.

From the record in this cause it is apparent, however, that procedural rules have been little observed. Not only have repeated letters been filed and amendments made, but following the appointment of very able legal counsel for the petitioner by the Court, as requested by the petitioner, the petitioner continues to file correspondence directly with the Court, apparently without any pretense of even advising, much less proceeding through, his legal counsel. Trial by correspondence, with the judges more and more being required to overlook all procedural deficiencies and to this extent at least become legal counsel for the petitioner, appears to be the vogue in post-conviction procedures these days. There remains little public awareness of the unusual developments in the field of post-conviction procedures and remedies in recent years nor of the enormous increase in this type of litigation. That a trial upon the merits and conviction by jury with subsequent exhaustion of appellate procedures is rapidly becoming only the beginning of litigation in the field of criminal law is a matter the awareness of

which is largely confined to the inmates of penal institutions.

It appears that this is the sixth petition filed by the petitioner, James Francis Hill, pursuant to the provisions of 28 U.S.C. § 2255.

The initial petition, filed upon October 18, 1954, was dismissed by the District Judge and this action affirmed by the Court of Appeals, 6 Cir., 223 F.2d 699, cert. den. 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768.

A second petition was filed upon March 15, 1956, and this likewise was denied by the District Court and the judgment affirmed upon appeal. 6 Cir., 238 F.2d 84, cert. den. 352 U.S. 1007, 77 S.Ct. 569, 1 L.Ed.2d 551.

A third petition was filed upon December 19, 1957, and again denied by the District Court, but upon appeal was remanded for a hearing upon factual issues. 6 Cir., 256 F.2d 957. A hearing was thereupon held and the petition was again dismissed as being without merit. The action of the District Court was again affirmed with the statement, "A review of the evidence convinces us that not only is the finding not clearly erroneous, but is also supported by the great weight of the evidence." 6 Cir., 268 F.2d 203, cert. den. 361 U.S. 834, 80 S.Ct. 110, 4 L.Ed.2d 93.

A fourth petition was filed upon October 21, 1959, and dismissed as without merit by the District Court. D.C., 186 F.Supp. 441. Upon appeal this was affirmed by the Court of Appeals. 6 Cir., 282 F.2d 352. Thereupon certiorari was allowed by the Supreme Court, limited to the issue of the Trial Court's action in imposing sentence without expressly calling upon the defendant for a statement under Rule 32(a), Federal Rules of Criminal Procedure. The Court held that any failure to follow the formal requirements of Rule 32(a) was not a constitutional or jurisdictional error and could not be raised in a collateral attack through a petition under Section 2255. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417.

A fifth petition was filed upon March 5, 1962, and dismissed by the District Court and once again upon appeal the dismissal was affirmed. 6 Cir., 319 F.2d 653.

Section 2255 provides in part that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." However, as correctly pointed out by the petitioner, the Supreme Court has held, despite the language of the Act itself, that successive motions under Section 2255 must be entertained by District Courts if the subsequent petitions contain a new ground which has not previously been decided upon its merits unless the Government pleads and establishes an "abuse of remedy". Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. No such plea of abuse of remedy is here entered by the Government.

Thus, this Court must decide whether the petitioner's allegations in this his sixth petition raise any new grounds which would necessitate a hearing in this cause.

An examination of the original petition and all amendments filed thereto will reveal that the amended petition filed by the petitioner upon July 15, 1964, incorporates all grounds here asserted by the petitioner other than matters relating to the alleged denial of the petitioner's rights of appeal. With this exception the original petition and other amendments in reality merely amplify or reassert matters covered in the July 15 amendment. The Court will therefore consider the grounds in the order in which they are asserted in the July 15 amendment and as summarized in Grounds (1) through (17) above, with reference to the grounds in the original petition and other amendments as may be appropriate.

Ground No. 1 of the July 15 amendment relates to the alleged insanity of the petitioner at the time of his trial and Ground No. 13 asserts the alleged insanity of the petitioner at the time of committing the offense and at the time of

sentencing. The history of the petitioner's multiple litigation reflects that he has asserted his sanity and insanity alternately to the end of escaping conviction or securing his release with such skill, persistence and design as to belie the contention of insanity. However, the record further reflects that all issues relating to the petitioner's alleged insanity were thoroughly tried upon their merits, both before and during the criminal trial of the petitioner. Complaints as to the weight of the evidence in these proceedings can only be raised upon appeal and is not a proper subject for review in a petition under Section 2255. These same grounds were raised in the first petition filed upon October 18, 1954, and that petition was overruled by the Trial Court. The Trial Court's action was affirmed on appeal. Hill v. United States, 6 Cir., 223 F.2d 699. It was raised again in the March 15, 1956, petition and was again denied and again affirmed upon appeal. Hill v. United States, 6 Cir., 238 F.2d 84, cert. den. 352 U.S. 1007, 77 S.Ct. 569, 1 L.Ed.2d 551. Once again alleged insanity at various stages of the proceedings was asserted in a petition filed upon March 5, 1962, and the Court of Appeals in affirming dismissal of the petition stated that the record reflected this ground to be "conclusively without merit". Hill v. United States, 6 Cir., 319 F.2d 653.

Ground No. 2 of the July 15 amendment, as well as Ground No. 5 of the original petition, complain of the alleged incompetence of the two legal counsel who conducted the petitioner's defense. Similar grounds have been asserted in previous petitions filed March 15, 1956, October 21, 1959, and March 5, 1962. In each instance the petitioner's contention in this respect was held to be without merit and in each instance the action of the District Court was affirmed upon appeal.

Ground No. 3 of the July 15 amendment, as well as Ground No. 2 of the August 1 amendment, complained of the alleged use of perjured testimony by the Government. Upon motion of the Government, these allegations were amplified by the petitioner in an amendment filed August 13, 1964, this amendment having been filed without a ruling by the Court upon the Government's motion. In the amended petition the petitioner avers that F.B.I. Agents Frank T. Brockett and John Riley Smith testified falsely when they testified that they did not use illegal methods in obtaining the confession and that George Herschell Myers testified falsely with respect to the circumstances surrounding his abduction. The Government has responded by denying the use of any perjured testimony, and in support of this response has filed the affidavits of F.B.I. Agents Brockett and Smith, the affidavit of the witness Myers, the subject of the kidnap charges, each affiant denying any perjury in respect to his testimony at the trial, and the affidavit of James Meek, the Assistant United States Attorney who tried the case upon behalf of the Government, who likewise denied the use of any perjured testimony upon the trial.

While the allegation of a knowing use of perjured testimony may assert a ground for relief under a Section 2255 petition, (United States v. De-Rosier, 229 F.2d 599 [C.C.A. 3, 1956]; Smith v. United States, 259 F.2d 125 [C.C.A. 9, 1958]) and while the Court may not resolve disputed issues of fact upon affidavits, but rather must conduct hearings to resolve such disputed issues of fact (Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473), it is apparent from the face of the record in this cause that the petitioner merely seeks by his Section 2255 petition to relitigate the credibility of the witnesses. The very issue here asserted, that is the credibility of the witnesses, was tried in the original trial and decided by the jury adversely to the petitioner. The petitioner cannot now by way of a petition under Section 2255 seek to relitigate the credibility of the witnesses upon the original trial. Any issue in this respect could only be raised upon appeal. (Holt v. United States, 303 F.2d 791 [C.C.A. 8, 1962]). Moreover, the matters asserted in Ground No.

3, complaining of the use of perjured testimony, were raised and overruled in the petitions of March 15, 1956, (Ground 12) and in the petition of March 5, 1962, (Grounds 9 and 14).

■ Grounds Nos. 4, 5, 6 and 7 of the July 15 amendment all raise matters that could only be raised by an appeal. Moreover, they have each been raised in previous petitions and dismissed as having been without merit. Ground No. 4, relating to alleged inflammatory and prejudicial newspaper and magazine articles, was raised in the March 15, 1956, petition (Ground 11) and the March 5, 1962, petition (Grounds 14 and 21). Ground No. 5, a general allegation that the petitioner did not receive a fair and impartial trial, has been asserted in numerous previous petitions. Ground No. 6, alleging that the petitioner was prejudiced by the withholding during the trial of pictures and statements of witnesses alleged to be inconsistent with the testimony of the witnesses given upon the trial, was raised as Ground No. 2 in the March 5, 1962, petition. Ground No. 7 complains of an alleged improper jury instruction upon insanity, clearly a matter that can only be raised upon appeal.

■ Ground No. 8 of the July 15 amendment, as well as Ground No. 1 in the original petition and in the August 1 amendment, all relate to the alleged use of an illegal and coerced confession of the petitioner. In response to a Government motion, this allegation was likewise amplified by the petitioner in his amendment of August 13, 1964. In the amendment the petitioner avers that the confession was illegally obtained both in the circumstances of its taking and in that the petitioner was legally insane when it was given. The Government has responded by denying the illegality of the confession. The issue of the petitioner's sanity at various stages of the proceedings has heretofore been dealt with in this opinion and has been fully resolved in previous opinions.

The alleged illegality of the circumstances under which the confession was taken, similar to the matters discussed in relation to Ground No. 3 above, merely seeks to relitigate the credibility of the witnesses. As noted upon the face of the amended petition, at the time of the original trial the F.B.I. witnesses testified to the circumstances under which the confession was taken and a determination of fact was made with regard to the admissibility of the confession. The petitioner now seeks to dispute the credibility of the witnesses with regard to the circumstances under which the confession was taken. Any issue in this regard, as stated above, could only be raised upon appeal and not by way of a Section 2255 petition. Moreover, Ground No. 8, complaining of the use of an illegal confession, was raised and overruled in the petition of March 5, 1962, (Ground 3).

Grounds Nos. 9, 10, 11 and 12 of the July 15 amendment all assert matters that do not raise constitutional or jurisdictional issues and do not constitute a basis for collateral attack upon the judgment of conviction. Rather, they raise matters that could only be asserted upon an appeal. Moreover, each of these grounds has been raised in previous petitions that were dismissed as being without merit. Ground No. 9, relating to an alleged statement before the jury by the United States Attorney, was raised in the March 5, 1962, petition (Ground 15). Ground No. 10, complaining of the alleged failure of the Court to instruct the jury to refrain from reading newspaper accounts of the trial during recess, and Ground No. 11, complaining of alleged prejudicial publicity, were raised in the March 5, 1962, petition (Ground 10). Ground No. 12, complaining of alleged prejudicial statements concerning prior convictions, was likewise raised in the March 5, 1962, petition (Ground 22).

Grounds Nos. 14, 15 and 16 of the July 15 amendment likewise assert matters that are neither constitutional nor jurisdictional and do not constitute proper grounds for a collateral attack, but rather raise matters that could only be as-

serted upon an appeal. Moreover, these, too, have been asserted and dismissed in previous petitions. Ground No. 14, complaining that the Trial Court and the prosecuting attorney had stated in the presence of the jury that they had read detective stories of the petitioner's criminal past, was asserted as Ground 22 in the March 5, 1962, petition. Ground No. 15, complaining of the alleged instruction by the Court placing the burden of proving insanity upon the petitioner, was raised as Ground 9 in the March 15, 1956, petition. Ground No. 16, relating to the alleged failure to furnish a trial transcript, was raised in Ground 25 of the March 5, 1962, petition.

Finally, Ground No. 17 of the July 15 amendment reasserts "any and all allegations set forth in prior motions and petitions filed in this case." The only grounds previously alleged and not reasserted in the July 15, 1964, amendment are Grounds 3 and 4 of the original petition which complain respectively of the alleged denial of the right to appeal and the alleged refusal of the Court to appoint counsel to effect an appeal. These matters were fully gone into in connection with the third in this series of six petitions and after a full hearing of some 18 witnesses upon the merits of these contentions, they were held to be without merit. This action was affirmed upon appeal. 6 Cir., 263 F.2d 203.

It is apparent that the petitioner has diligently followed appellate decisions in the field of criminal law during the period of his confinement. It is also apparent that the petitioner, like the layman reading the medical book, promptly develops the symptoms described in each new appellate decision. In this regard it is appropriate to note the language of the Court in the case of Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, quoted with approval in the case of Hill v. United States, 368 U.S. 424 at 429, 82 S.Ct. 468 at 472, 7 L.Ed.2d 417:

"It is not uncommon after a trial is ended and the time for appeal has passed to discover that a shift in the law or the impact of a new decision

has given increased relevance to a point made at the trial but not pursued on appeal. * * * If in such circumstances, habeas corpus could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed."

Having now concluded that each ground asserted by the petitioner is without merit upon the face of the record in this cause and should be overruled, an order will enter accordingly.