**James Francis HILL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 17710.**

United States Court of Appeals Sixth Circuit.

May 25, 1967.

See also D.C., 236 F.Supp. 155.

---

James Francis Hill, in pro. per.

Robert A. Scott, Asst. U. S. Atty., Chattanooga, Tenn., for appellee.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is yet another appeal of petitioner from an order denying his motion to vacate sentence under 28 U.S.C. § 2255. Appellant was originally tried and convicted in 1954 of having transported in interstate commerce a stolen motor vehicle in violation of 18 U.S.C. § 2312 and of having transported across state lines a person who had theretofore been kidnapped and held for ransom or otherwise in violation of 18 U.S.C. § 1201. He was sentenced to twenty years' imprisonment upon the kidnapping charge and to a term of three years upon the Dyer Act violation, with the sentences to run consecutively. Appellant's previous attempts at collateral attack upon his sentence are found in the following cases: United States v. Hill, No. 17,070 (Nov. 2, 1966) (C.A. 6); Hill v. United States, 236 F. Supp. 155 (E.D.Tenn.), aff. No. 16,341 (C.A. 6), cert. denied, 384 U.S. 944, 86 S.Ct. 1467, 16 L.Ed.2d 542; United States v. Hill, 319 F.2d 653 (C.A. 6); United States v. Hill, 291 F.2d 627 (C.A. 6), cert. denied, 368 U.S. 861, 82 S.Ct. 103, 7 L.Ed.2d 58; Hill v. United States, 282 F.2d 352 (C.A. 6), aff., 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, rehearing denied, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556; Hill v. United States, 268 F.2d 203 (C.A. 6), cert. denied, 361 U.S. 854, 80 S.Ct. 110, 4 L.Ed.2d 93; Hill v. United States, 256 F.2d 957 (C.A. 6); Hill v. United States, 238 F.2d 84 (C.A. 6), cert. denied, 352 U.S. 1007, 77 S.Ct. 569, 1 L.Ed.2d 551; Hill v. United States, 223 F.2d 699 (C.A. 6), cert. denied, 350 U.S. 867, 76 S.Ct. 113, 100 L.Ed. 768; and Hill v. United States, 206 F.2d 204 (C.A. 6), cert. denied, 346 U.S. 859, 74 S.Ct. 75, 98 L.Ed. 372.

The district judge, the Honorable Frank W. Wilson, dismissed the motion on the ground that it presents a repetition of matters which previously have been adjudicated against appellant on their merits. The opinion of the district court summarizes the contentions of appellant in this and his previous motions to vacate as follows:

"In his present petition the petitioner seeks to assert as grounds for relief under Section 2255 errors in the omission of evidence, matters pertaining to the credibility of witnesses, alleged improper argument to the jury, alleged improper instructions to the jury, and the failure of the trial court to grant a new trial. Not only are these matters that would not be subject to review in a Section 2255 proceeding, but they are each matters that have heretofore been specifically ruled upon by this Court in one or more of the prior petitions. Other matters now sought to be asserted as grounds for relief under Section 2255 include such matters as the petitioner's alleged insanity prior to and at the time of trial, the alleged use of a coerced confession, the alleged lack of timely appointment of counsel, the alleged lack of appointment of counsel for an appeal, the alleged incompetence of appointed counsel, the alleged denial of allocution upon sentencing, and the alleged denial of the petitioner's rights as an agnostic. These are each matters that have been heretofore specifically decided upon their merits adversely to the petitioner's present contentions. A careful review of all prior Section 2255 petitions

**46**

filed by this petitioner was made by this Court at the time of the filing of the sixth petition. Moreover, by order entered in that hearing, petitioner was required to assert all grounds for relief of which he had knowledge and was permitted to amend his petition for this purpose upon one or more occasions. [See James Francis Hill v. United States of America, 236 F.Supp. 155 (1964).] That petition was denied and the denial was affirmed upon appeal. [See per curiam order November 16, 1965, Docket No. 16,341.] In James Francis Hill v. United States of America, Civil Action No. 4636, the petitioner, in his seventh petition, sought to assert that jurors and witnesses in his case were required to make an affirmation of their belief in God and that this constituted a denial of his rights as an agnostic. This petition was dismissed and upon appeal the dismissal was affirmed. [See per curiam order November 2, 1966, Docket No. 17,070.] A repetition of all previous allegations was made in the petitioner's eighth petition. [See James Francis Hill v. United States of America, Civil Action No. 4785.] This petition was dismissed by this Court upon August 19, 1966, and no appeal was taken therefrom. The present petition is a mere repetition and elaboration of previous petitions. It should accordingly be dismissed."

Appellee has moved to dismiss the appeal upon the ground that it asserts only matters that heretofore have been ruled upon by this court and decided adversely to appellant on their merits.

Section 2255 provides that "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Successive petitions must be considered only when they contain grounds which have not previously been decided on the merits. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148.

The appeal is dismissed.