894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene SZYMANSKI, Defendant-Appellant.
 No. 89-1817.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 1
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Eugene Szymanski, a pro se federal prisoner, appeals the district court's dismissal of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255.
 
 
 4
 Challenging his jury conviction on one count of conspiracy to distribute heroin and one count of distribution of heroin, Szymanski filed this action alleging that his trial counsel, Dennis Allen Peppler, was ineffective. Szymanski alleges that he saw his attorney use cocaine several times prior to his trial, and that his attorney lied at a February 1988 evidentiary hearing which was held to determine the effectiveness of the representation of Szymanski's trial. Szymanski also claims that a witness committed perjury at his trial.
 
 
 5
 After the district court denied his petition, Szymanski filed a timely appeal, raising those issues which were before the district court. In addition, Szymanski has also filed requests for admissions as well as a motion asserting that the district court lacked jurisdiction over his case.
 
 
 6
 Upon consideration, we deny the request for admissions and motion asserting lack of jurisdiction and affirm the district court's judgment.
 
 
 7
 First, Szymanski's claim of ineffective assistance of counsel lacks merit. Szymanski is unable to satisfy the requirements necessary to establish a claim of ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984), because although he claims to have seen his attorney use cocaine, he has not identified even a single instance of deficient performance.
 
 
 8
 Further, because Szymanski's ineffective assistance claims were rejected by the district court in an earlier motion for a new trial which was affirmed by this court, see United States v. Szymanski, et al., Nos. 87-2123/88-1324 (6th Cir. April 25, 1989) (unpublished), the district court did not err in denying Szymanski a new hearing on these claims. See Widgery v. United States, 796 F.2d 223, 224 (8th Cir.1986); Hill v. United States, 378 F.2d 44, 46 (6th Cir.) (per curiam), cert. denied, 389 U.S. 884 (1967).
 
 
 9
 Second, Szymanski's assertions that his former counsel, Peppler, lied at the February 1988 evidentiary hearing are inadequate to state a claim which would require vacation of his conviction. Again, Szymanski avers that he can establish that Peppler lied on the basis of "his observance" of Peppler and a newspaper article about Peppler which he submitted to the court. However, Szymanski has not identified even a single false statement or misstatement made by Peppler at the hearing. We conclude that such vague conclusions and opinions are inadequate to state a claim requiring that Szymanski's conviction be vacated. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 10
 Third, Szymanski has not established that his conviction must be vacated due to the use of perjured testimony. Szymanski has not pleaded or shown that the government used the allegedly false testimony with either actual or constructive knowledge of its falsity. See Holleman v. United States, 721 F.2d 1136, 1138 (7th Cir.1983). Further, the district court was under no obligation to read this element into Szymanski's pro se pleadings. Id.
 
 
 11
 Finally, since Szymanski was indicted and tried in the Eastern District of Michigan for a violation of federal law which occurred in that district, his assertions that the district court lacked jurisdiction over his case are totally devoid of merit.
 
 
 12
 Accordingly, the request for admissions and motion asserting lack of subject matter jurisdiction are hereby denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, and for the reasons stated by Judge Feikens.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation