THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, AGUADILLA PART, MODESTO VELÁZQUEZ FLORES, JUDGE, Respondent; ÁNGEL NIEVES ACEVEDO, Intervener.

No. C-66-104.        Decided March 20, 1967.

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for petitioner. *Luis Alfredo Colón* for intervener.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On December 15, 1964 appellant was tried for the offense of driving a vehicle being under the influence of intoxicating beverages. After hearing the evidence the court took the case under advisement for 9 months, which action, unless a justifiable reason exists—we do not know if it does —is not a good practice, since if the defendant is found to be not guilty it is not fair to have him all that time in a state of uncertainty and worry, and if he is guilty the injustice is against the people, and the due administration of justice is impaired.

On September 7, 1965 the court found him guilty, ordered him to pay a fine of $100 and also ordered the suspension of his driver's license for a period of one year, but made said suspension retroactive to August 14, 1964, on which date the defendant was accused of driving the vehicle under the influence of intoxicating beverages. Thus, the suspension of the license became academic and inoperative because on the date judgment was rendered more than one year had elapsed since August 14, 1964. That same day on which he was sentenced—September 7, 1965—the defendant paid the fine of $100 imposed on him.

On September 9, 1965 the prosecuting attorney requested the trial court to correct the sentence as to the date on which the suspension of the license should start to run. The hearing of the motion to correct the sentence was held on August 29, 1966. Defendant appeared at said hearing represented by his attorney and there he moved for the reconsideration of the case on the merits. The prosecuting attorney being absent, the court granted the motion, changed its verdict, and acquitted the already convicted defendant.

On motion of the Solicitor General we issued writ to review said proceedings.

■ There is no doubt that the prosecuting attorney could move for the correction of the sentence, Rule 185 of the Rules of Criminal Procedure, *González de Jesús* v. *Delgado, Warden,* 90 P.R.R. 30 (1964) and decisions cited therein. Actually, said correction was in order because the sentence was erroneous. The starting point to compute the term of the suspension of the license is the date of conviction. *Arana Rodríguez* v. *Superior Court,* 92 P.R.R. 140 (1965); *People* v. *Pérez Escobar,* 91 P.R.R. 9 (1964).

■ However, the fact that a motion to correct an erroneous sentence is presented does not authorize the court to set aside or to alter the previous *judgment* validly and legally pronounced. Rule 185 of the Rules of Criminal Procedure deals with the correction of *sentences* and with the reduction thereof, but not with the altering or setting aside of judgments.[1] As it is well known "judgment" is the pronouncement made by the court convicting or acquitting a defendant. "Sentence" is the pronouncement made by the court as to the punishment imposed on the defendant. Rules 160 and 162 of the Rules of Criminal Procedure.

■ It should also be noted that if this had been a case of a reduction of the sentence, the court lacked, by then, the authority to do so because more than 90 days had elapsed since the pronouncement of the sentence. Rule 185.

For the reasons stated, judgment will be rendered (a) to set aside the judgment of acquittal of August 29, 1966; (b) to leave in force the conviction in the original judgment of September 7, 1965; (c) to modify said original judgment by eliminating the retroactiveness of the suspension of the license to August 14, 1964; (d) to state that the man-

---

[1] See *Hill* .v. *United States,* 368 U.S. 424, 430 (1962); *Simmons* v. *United States,* 302 F.2d 71, 80 (1962), construing the federal rule similar to our Rule 185.

datory term of the suspension of the license by law should have started to run as of the date of the conviction, but that having failed to comply with this part of the sentence, the same will be complied with for the minimum mandatory term of one year, to be counted from the date of this judgment.