787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
RONNIE L. CURTIS, Defendant-Appellant.
 85-5782
 United States Court of Appeals, Sixth Circuit.
 3/18/86
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Ronnie L. Curtis was indicted on charges of maliciously damaging and destroying by means of fire and explosive real and personal property of M & R Shoppe, Central City, Kentucky, in violation of 18 U.S.C. Sec. 844(i) (Count 1), and of devising or attempting to devise a scheme to defraud the Nationwide Insurance Company, in violation of 18 U.S.C. Sec. 1341 (Count 2).
 
 
 2
 At his first trial, the jury was unable to reach a verdict, and the district court declared a mistrial. A motion for judgment of acquittal was denied and the case was later set for retrial.
 
 
 3
 The United States Attorney's office initiated and agreed to a plea agreement, which was confirmed by a letter to defense counsel, which read as follows:
 
 
 4
 Pursuant to our phone conversation of July 9th, that if a nolo plea is accepted by Judge Ballantine, the United States will recommend a sentence of four (4) years as to each count of the indictment number CR 84-00010-0(B). The said sentence is to be served concurrent each with the other and also run concurrent with the previous federal conviction. Furthermore, we will not object to the sentence being imposed under the provisions of title 18:4205(B)(2).
 
 
 5
 At a hearing before the district court, the defendant advised the district court of his wish to change his plea to one of nolo contendere. Defendant decided to plead nolo contendere in accordance with the plea agreement.
 
 
 6
 During the ensuing hearing, the government objected to the district court's accepting a nolo contendere plea, arguing that 'the evidence in the case that we have against the defendant is sufficient to warrant a plea of guilty.' The district court, however, responded:
 
 
 7
 Ordinarily, I'd be extremely reluctant to accept a nolo plea in this case; however, the fact that we did have one jury unable to come to a verdict leads me to believe that the interest of judicial economy and the costs of a trial for the second time outweigh the undesirable features of a nolo. Objection will be overruled.
 
 
 8
 After receiving defense counsel's assurance that he had explained the defendant's rights to him, the district court questioned the defendant at length under oath as to the voluntariness of of his plea and his understanding of his rights. The district court specifically questioned the defendant on his understanding of the maximum penalties possible:
 
 
 9
 BY THE COURT: You understand the maximum sentence the Court could impose under Count 1 of this indictment is a fine of $10,000 or imprisonment for ten years, or both?
 
 
 10
 MR. CURTIS: Yes, sir; I do.
 
 
 11
 BY THE COURT: That the maximum sentence the Court could impose under count 2 of the indictment is a fine of a thousand dollars or imprisonment for five years, or both?
 
 
 12
 MR. CURTIS: Yes, sir, I do.
 
 
 13
 Q: And that the fines could be made cumulative for a total fine of $11,000 and the jail sentence could be made to run consecutively for a total prison sentence of 15 years?
 
 
 14
 MR. CURTIS: Yes, sir, I do.
 
 
 15
 When the district court inquired concerning the existence of a plea agreement, the text of the letter of July 9, 1985, was read into the record. The court immediately inquired of the defendant:
 
 
 16
 BY THE COURT: All right. Mr. Curtis, do you understand that if I accept your plea of nolo contendere today and delay sentencing until I have a change to examine the presentence report that you will not be allowed to withdrew that plea? Do you understand that?
 
 
 17
 MR. CURTIS: Yes, sir; I do.
 
 
 18
 The district court went on to read to defendant the charges against him and asked him whether he understood them, whether he understood that if he went to trial the government would have to prove each element beyond a reasonable doubt, and whether he still wished to plead nolo contendere. The defendant responded affirmatively to all of these inquiries. The court then approved the entry of a nolo contendere plea.
 
 
 19
 At the sentencing hearing, the defendant declined to sign the prepared presentence report, objecting to the accuracy of certain facts contained in the report, and defense counsel suggested that a binding plea agreement had been reached with the United States Attorney's office, rather than an agreement on a recommendation of sentence.
 
 
 20
 With respect to the plea agreement, defense counsel asserted that this client had a problem with a statement on the presentence report that
 
 
 21
 'no promises have been made to me as to what the final disposition of my case will be.'
 
 
 22
 I took that to understand, even though we entered into a plea bargaining agreement, that this would be no disposition as to whether he'd be sentenced or probated. I'd have to read it like that on the bottom part of this consent, because we do have a plea bargaining agreement and have entered a nolo contendere plea.
 
 
 23
 He further asserted the existence of a binding plea agreement, to which the court responded:
 
 
 24
 Well, that might be the agreement between you and the United States Attorney, but I'm not bound by that.
 
 
 25
 After the district court initially imposed two 5-year sentences (one on each count of the indictment) to run consecutively each with the other without considering the presentence report, defense counsel continued to protest that a binding plea agreement existed. He acknowledged, however, in colloguy, that the court was not bound by his agreement with the United States Attorney.
 
 
 26
 Throughout the August 12, 1985, sentencing hearing, the defendant expressed his displeasure with the content of the presentence report and initially refused to sign it. The defendant asserted that the report was 'a lie,' and 'completely false.' After being assured that the district court would allow him to identify those facts in the report which were false, the defendant executed the consent in open court and pointed out various alleged inaccuracies in the report. Defendant also asserted that his 'Salient Factor Score' should have been higher and that his financial status had been compiled without speaking to him.
 
 
 27
 The district court modified defendant's sentence under Fed. R. Crim. P. 35(b) and imposed a sentence of four years on each count of the indictment, to run concurrently with each other but consecutively to the federal sentence defendant was then serving. Defendant's sentence was thus reduced from ten years to four years, although the district court did not adopt the United States Attorney's recommendation that this sentence be served concurrently with his previous term.
 
 
 28
 Defendant filed a motion to withdraw his plea of nolo contendere, which was denied, and this appeal ensued.
 
 
 29
 Defendant cites no authority to support his argument that the court was under an obligation to indicate to him specifically that the court would not be bound by the United States Attorney's recommendation. We find no support for this proposition. See 8 J. Moore, Moore's Federal Practice p11.02 (1985) (no mention of such a requirement); 1 C. Wright, Federal Practice and Procedure Sec. 175.1 (1982 & Supp. 1985) (no mention of any such requirement). Defendant was expressly informed that the court 'could impose' a total of $11,000 in fines and fifteen years in prison for a plea of nolo contendere.
 
 
 30
 There is no evidence of noncompliance with Rule 11, and there is no evidence that a plea arrangement different from the one evidenced by the letter of July 9, 1985, was ever concluded. We reject defendant's argument and rely upon the plain language of the agreement.
 
 
 31
 Defendant also argues that the district court abused its discretion in overruling his post-sentence motion to withdraw his nolo contendere plea.
 
 Fed. R. Crim. P. 32(d) provides:
 
 32
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. Sec. 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. Sec. 2255.
 
 
 33
 (Emphasis added). The Advisory Committee Notes to Rule 32(d) state that the applicable standard under Sec. 2255 would be whether entry of the plea constituted 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' Fed. R. Crim. P. 32(d) advisory committee note to 1983 amendments (quoting Hill v. United States, 368 U.S. 424 (1962)). The only other alternative available to defendant, a direct appeal, has been pursued by defendant here, but defendant has stated no grounds sufficient to grant such relief. See 3 C. Wright, Federal Practice and Procedure Sec. 539 (1982 & Supp. 1985); 8A J. Moore, Moore's Federal Practice p32.07 (1985).
 
 
 34
 The district court here indicated in open court at the sentencing hearing before sentence was passed that he would not consider the court bound to the plea agreement. No motion to withdraw the plea was then made. We find that the district court was acting within his Rule 32(d) discretion in overruling defendant's post-sentence motion.
 
 
 35
 We accordingly AFFIRM the judgment of the district court.