945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert T. PORTER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-4075.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1991.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 This federal prisoner, through counsel, appeals the district court's denial of his motion to vacate sentence filed under 28 U.S.C. § 2255 and his motion to correct the presentence investigation report filed under Fed.R.Crim.P. 32. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robert T. Porter was indicted on July 30, 1985, along with nine other individuals in connection with an ongoing scheme to obtain money and property by means of false and fraudulent pretenses, representations, and promises from home buyers and sellers, mortgage loan financial institutions, and real estate title insurance companies. Porter was named in 54 counts and was generally considered the leader of the group. The scheme basically involved the defendants using their positions as escrow agents of numerous mortgage loan financial institutions to embezzle escrow funds for their personal use. It also consisted of obtaining mortgage and escrow funds by means of false and fraudulent representations to mortgage loan financial institutions.
 
 
 4
 On November 19, 1985, Porter appeared before the Federal District Court for the Southern District of Ohio to enter a guilty plea to Counts 1, 2 and 30 of the indictment. The plea agreement also involved a case in the Eastern District of Kentucky where Porter had been indicted on another fraud scheme. His plea in the federal district court in Ohio was contingent upon the court in Kentucky accepting the plea arrangement there. The federal district court accepted the guilty plea. However, the guilty plea was invalidated when the federal district court in Kentucky did not accept the proposed plea agreement in the case before it.
 
 
 5
 Subsequently, on December 2, 1985, Porter reappeared before the federal district court in Ohio and again entered a guilty plea to Counts 1, 2 and 30 of the indictment. The parties had entered into a plea agreement exclusive of the proceedings in Kentucky. On January 21, 1986, Porter was sentenced to five years on Count 1, five years on Count 2 consecutive to Count 1, and five years on Count 30 to be served concurrently with Counts 1 and 2. Porter did not appeal his conviction or sentence.
 
 
 6
 In support of his motions to vacate sentence and to correct the presentence investigation report, Porter alleged the following:
 
 
 7
 1. the trial court violated 18 U.S.C. § 3552(d) and his right to due process when it failed to allow Porter to fully review the presentence report ten days prior to sentencing;
 
 
 8
 2. his due process rights were violated by the court's failure to comply with Fed.R.Crim.P. 32(c)(3)(D);
 
 
 9
 3. ineffective assistance of counsel;
 
 
 10
 4. there was no factual basis for the guilty plea; and
 
 
 11
 5. his due process rights were violated because evidence used against him was obtained through improper use of wiretaps.
 
 
 12
 The district court denied both motions after concluding that Porter's claims lacked merit.
 
 
 13
 Porter reasserts claims two and three on appeal and further argues that the sentencing judge erroneously relied upon materially inaccurate information in sentencing him. Both parties have filed briefs.
 
 
 14
 Initially, we note that because Porter does not raise claims one, four and five on appeal, they are considered abandoned and will not be addressed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 15
 As to Porter's second claim, we affirm for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Porter's second claim is barred. This is a collateral attack under 28 U.S.C. § 2255, not a direct appeal. In United States v. Addonizio, 442 U.S. 178, 184 (1979), the Court stated, "[i]t has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." Particularly where, as here, nonconstitutional claims are being made for the first time upon collateral attack, the courts have refused to consider them.
 
 
 16
 The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' Sunal v. Large, 332 U.S. 174, 178 (1947). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings.
 
 
 17
 Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). Since Porter did not perfect an appeal asserting his claim that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D), and because that claim does not raise a constitutional claim, he is barred from asserting that claim in a collateral attack. See Hill v. United States, 368 U.S. 424, 429 (1962).
 
 
 18
 Upon review of Porter's third claim, we conclude that Porter did not establish that his counsel's performance was deficient or that, but for the alleged errors, he would not have chosen to enter a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 19
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation