September 22, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

____________________

No. 92-2430 

UNITED STATES,

Appellee,

v.

NERIO ZULETA,

Defendant, Appellant.

____________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, 
U.S. District Judge
]

____________________

Before

 Breyer, 
Chief Judge
,

Selya and Boudin, 
Circuit Judges
.

____________________

Nerio Zuleta
 on brief pro se.

Edwin J. Gale
, United States Attorney, and 
Zechariah Chafee
, Assistant United States Attorney, on brief for appellee.

____________________

____________________

Per Curiam

study
 the question.

Davis
 v. 
United States
, 417 U.S. 333, 346 
(1974) (quoting 
Hill
 v. 
United States
, 368 U.S. 424, 428 (1962)).

1. 
The $50,000 fine
.

Section 3572(a) lists the factors a court must consider in determining whether to impose a fine and the amount of the fine:

 (5) the need to deprive the defendant of illegally obtained gains from the offenses. . . .

Id.
See
 
United States
 v. 
Wilfred Am. Educ. Corp.

See
 
id.
United States
 v. 
Hagmann
cert. denied
, 113 S. Ct. 108 (1992). Finally, the burden is on appellant to establish his inability to pay a fine. 
See
 
United States
 v. 
Matovsky
United States
 v. 
Perez
, 871 F.2d 45, 48 (6th Cir.), 
cert. denied
, 492 U.S. 910 (1989).

Turning to the merits of appellant's claims, we first note that the district court had before it financial information included in the Presentence Report (PSI). This information indicated that, as of November 30, 1990 (prior to his arrest), appellant had an income of $1,000 per month and expenses of $694 per month.
1: Appellant points to another part of the PSI which states that he has no "significant assets." The court plainly considered this factor in its decision to impose a fine. At the sentencing hearing, the court stated:

I recognize that the pre-sentence report indicates that you do not have significant assets but, frankly, it's difficult for me to understand or accept that someone who has been dealing in the amounts of cocaine that you have been involved with doesn't have those assets. That's a matter for you to take up, I suppose, with the Bureau of Prisons when the time comes.

Transcript of Sentencing Hearing, at 30.

We find that there was no defect in the sentencing process which resulted in a "complete miscarriage of justice." Indeed, the court acted well within its discretion in imposing the $50,000 fine, especially given appellant's role as a supervisor in the conspiracy and the need to make sure he does not retain any illegally obtained gains. The fact that the court imposed a fine that is only a fraction of the maximum of $4,000,000 is further evidence that the court considered appellant's ability to pay in setting the fine.

See
 
Hagmann
Perez
, 871 F.2d at 48 (current assets do not determine whether defendant should be excused from paying a fine mandated by the Sentencing Guidelines). As we noted, 
supra
, appellant was employed prior to his arrest and had a steady income which exceeded his expenses. Should this prediction prove wrong and should the government seek to punish or imprison appellant for non-payment, there are administrative remedies to which he can turn. 
See
, 
e.g.
, 
United States
 v. 
Levy
Santiago
 v. 
United States
, 889 F.2d 371, 373-74 (1st Cir. 1989) (per curiam).

2. 
Cost of supervised release
.

Section 5E1.2(i) provides that "the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered." We reject appellant's claim that justice has obviously miscarried here because the Sentencing Reform Act does not authorize this fine. Respectable authority holds to the contrary. 
See
 
United States
 v. 
Turner
Hagmann
see
 
United States
 v. 
Spiropoulos
, 976 F.2d 155 (3rd Cir. 1992), we do not agree with the reasoning contained therein.

For the foregoing reasons, the judgment of the district court is 
affirmed
.