STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. SYLVESTER JOHNSON, STANLEY CASSIDY AND WAYNE GODFREY, DEFENDANTS-APPELLANTS.

Argued February 19, 1962—Decided February 26, 1962.

*Mr. Norman Heine,* Camden County Prosecutor, argued the cause for plaintiff-respondent.

*Mr. M. Gene Haeberle* argued the cause for defendants-appellants.

The opinion of the court was delivered

PER CURIAM. The defendants were convicted of murder committed in the course of the robbery of their victim, and

the jury not having recommended life imprisonment, they were sentenced to death. The judgments were affirmed. *State v. Johnson,* 31 *N. J.* 489 (1960).

Subsequently defendants sought a new trial on the ground of newly discovered evidence, consisting of a claim that in truth there was no holdup; that the victim was a peddler of narcotics; that one of the defendants called upon the deceased to collect moneys due him in connection with the narcotics business, the other defendants merely accompanying him on that peaceful mission; and that the shooting arose out of a scuffle between the deceased and his creditor. Defendants had not testified at the trial, and their confessions which were there received told the story of a killing in the course of a robbery. Defendants in fact had been granted pretrial inspection of their confessions. *State v. Johnson,* 28 *N. J.* 133 (1958). The new factual theme, thus advanced on the motion for a new trial, was a palpable fabrication. The motion was denied.

Defendants appealed from the denial of that motion, and on the appeal advanced additional contentions. One was that defendants should be granted a new trial to the end that they may offer "background" evidence under the holding of *State v. Mount,* 30 *N. J.* 195 (1959), which was decided after the trial of the indictments in the present case. As the issue was presented, we had no occasion to consider whether *Mount* should receive retroactive application. In fact counsel could not suggest at the oral argument what evidence he had in mind. The denial of the motion was affirmed, 34 *N. J.* 212 (1961), and on December 4, 1961 the United States Supreme Court dismissed an appeal to it for want of a substantial federal question and denied *certiorari.* 368 *U. S.* 145, 933, 82 *S. Ct.* 247, 370, 7 *L. Ed.* 2d 188, 195.

Thereafter defendants again sought a new trial, upon the basis of affidavits setting forth what they would prove under the *Mount* opinion. The trial court denied the motion. 71 *N. J. Super.* 506 (*Law Div.* 1962). This appeal followed.

We authorized the State to move to dismiss the appeal for want of merit and directed written and oral argument upon the merits. We approved that course to expedite the matter. We have experienced in this and in other capital cases a procession of post-conviction applications which seek to present, usually in piecemeal fashion, ideas conceived by successive counsel. The procedural steps, appropriate for the review of a judgment of conviction, here lead to inordinate delay which contributes nothing to a fair determination of the cause. The State's motion perhaps should, more accurately, be described as one to affirm the order below, rather than to dismiss the appeal, and since there has been full argument upon the merits, we will so treat the motion.

The problem of retroactive application of judicial decisions is exceedingly difficult. No definitive formula is possible. The issue is one of fairness under the total circumstances. The decision in *Mount* dealt with the reception of evidence in an area heavily laden with judicial discretion. We were aware of conflicting views at both the trial and appellate levels with respect to the amount of background material which should be received for consideration by the jury on the question of punishment. In *Mount* proof in that category had been rejected at the trial. We reversed the conviction for other reasons, and since a retrial would follow, we expressed our disapproval of the limitations upon the jury's consideration as to punishment which had been stated in *State v. Wise*, 19 *N. J.* 59, 107 (1955).

The issue thus dealt with in *Mount* does not involve the constitutional concept of a fair trial or the jurisdiction of the court. The Legislature could decree that punishment be determined solely upon the story of the murder itself. The question was whether the Legislature contemplated that some evidence might be offered as well upon the issue of punishment. We knew that some background evidence was routinely accepted by trial judges notwithstanding *State v. Wise*. We recognized room for reasonable dispute upon the breadth of such proof, and our preference for a wider lati-

tude in a trial judge by no means meant that a different view of the situation could be said to spell out fundamental unfairness.

Not every change in a principle of law is so fundamental in its reach that all completed criminal trials must or should be reopened. See *Hill v. United States,* 368 *U. S.* 424, 428, 82 *S. Ct.* 468, 471, 7 *L. Ed. 2d* 417, 421 (1962); *Sunal v. Large,* 332 *U. S.* 174, 181, 67 *S. Ct.* 1588, 91 *L. Ed.* 1982, 1989 (1947). Recently, in another situation, a majority of this court expressed a preference for a new approach to the charge to the jury with respect to confessions. We directed that course for the future but declined to reverse the conviction under review. *State v. Smith,* 32 *N. J.* 501, 557–558 (1960), *certiorari* denied 364 *U. S.* 936, 81 *S. Ct.* 383, 5 *L. Ed. 2d* 367 (1961).

Whether any conviction prior to *Mount* should be upset to permit the introduction of background material, we need not now decide. We need not, for the reason that upon the total circumstances we are not persuaded that justice here requires a retrial, even if that change of law were a possible basis for retrial.

The evidence proffered upon this motion falls broadly into four categories. One is the conventional testimony as to good reputation. That evidence was clearly admissible prior to *Mount.* The second is evidence of the use of marihuana just prior to the murder. That evidence, too, was plainly admissible prior to *Mount.* The third consists of evidence of poor early environment. Unlike *Mount* where the defendant was 18 years of age at the time of the homicide and the proof was intimately involved in the psychiatric testimony, here defendants were adults at the time of the crime and this evidence is minimized in its conceivable impact by the testimony as to good repute, to which we first referred. Finally, there is an offer of psychiatric examinations made after three years in the death house. These reports do not, even as of that time, reflect any discernible mental illness.

It is perfectly plain that prior to the main trial, defendants and their counsel debated whether any evidence at all should be offered, and decided against it. Some of the evidence, for example, the use of marihuana just prior to the murder, probably could have been given effectively only by the defendants themselves. As to the remaining proof now suggested, there is nothing to indicate that counsel then believed some or all of it would not be received, although we add, lest we be misunderstood, that if such testimony by counsel were advanced, it would not affect the result we here reach. At any rate, no offer of proof was made. The appeal from the conviction was argued six months after *Mount* was decided, but nothing was said or done to project the present issue. When new counsel sought a new trial upon the defendants' fabrication that the victim was a dope peddler, still no mention was made of this question. It was not until the appeal from the order of denial (argued about 18 months after *Mount* was decided) that counsel first offered the question and even then, as we have already said, counsel was unable to indicate what proof was available.

If *Mount* had been decided prior to the trial, defense counsel would have been hard put to decide whether an excursion into the background of these men would have been the prudent course. Surely if defendants then asserted (as they later did) that their confessions were false, and that the visit was not to rob, but rather to collect a debt from the victim, there would be the practical problem of offering evidence as to punishment while maintaining innocence. Both horses perhaps can be ridden when sanity is in issue, but that is not this case. Moreover, the use of marihuana could suggest the purpose was to rob the deceased to obtain funds for its purchase, without the palliation which may be found in the case of advanced addiction in which the addict robs to obtain moneys under the compulsion of excruciating withdrawal pain. The psychiatric testimony would add nothing of substantial consequence. Further, the

criminal records of two of the defendants would have been revealed, and the door would have been opened for the State to rebut the reputation testimony.

For these reasons defense counsel would have had a most difficult decision. The decision of the defense either way would have been irreversible, for, quite obviously, a court could not order retrials to determine whether another course would be more productive. We mention the problem in terms of the advice of trial counsel, not to suggest that their answer can be the touchstone of our decision today, but rather to emphasize our conclusion that the total picture does not persuade us that it is a miscarriage of justice to deny a new trial.

Hence we agree with the determination of the trial court. Its order denying a new trial is affirmed. Mandate shall issue forthwith.

*For granting motion for affirmance*—Chief Justice WEIN-TRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For denying motion for affirmance*—None.