THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO LLANOS VIRELLA, Defendant and Appellant.

No. CR-68-217.    Decided March 25, 1969.

*Santos P. Amadeo* and *Víctor Alberty Ruiz* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Adolfo Negrón Cruz, Assistant Solicitor General,* for The People.

PER CURIAM: On March 12, 1968 the residence of Heberto Figueroa was burglarized. The home was entered through a hole that had been occupied by an air conditioning unit which had been removed for that purpose. Several goods and objects were stolen, among them, fifteen women's dresses, jewelry, record players and radios. The same day, when the complaint had not yet been filed by the prejudiced party, the policeman José D. Silva, who was patrolling a section known as Parcelas Falú, observed two persons—appellant Francisco

Llanos Virella and Juan Pizarro—who "looked suspicious" to him, both with packages in their hands, and he went in their direction asking them about the contents of the same. When the policeman was trying to alight from the patrol car, Llanos and Pizarro took flight, not before throwing and abandoning there the packages that were seized. They happened to contain the stolen objects.

Llanos was convicted of Grand-Larceny and ordered to serve an indeterminate sentence of from three to seven years in the penitentiary.

■ (1) The failure of the trial judge to comply with the provisions of Rule 166 of the Rules of Criminal Procedure which requires that allocution be afforded to the convict is assigned as error. In *People* v. *Hernández*, 94 P.R.R. 111 (1967), we had occasion to refer to this practice, and after establishing that the absence of allocution does not give rise to the reversal, but to resentencing, we said that it was inappropriate to remand the case to the trial court when the convict cannot adduce any of the causes enumerated in Rule 168. It so happens in the instant case. *Hill* v. *United States*, 368 U.S. 424 (1962) invoked by appellant merely decides that evidence of the absence of allocution is not an error which can be raised by collateral attack upon the sentence.

■ (2) The incident about the waiver to jury trial[1] shows that the same was made intelligently by the defendant

---

[1] "Mr. Alberty Ruiz:

"We expressly waive, we have talked with the defendant, and we have explained to him what is a jury trial, that it is composed of twelve persons, that nine may render a verdict in one sense or another, guilty or not guilty, that it is a constitutional right he has to a jury trial but he has stated after consulting with me that he wants the case to be tried by the court without a jury expressly waiving his right to jury trial.

"Judge:

"Francisco, you have heard the statements of your counsel informing the court that you prefer to be tried by the judge and not the jury?

"A.—Yes, sir.

"Q.—By whom do you want to be tried, by the jury or by me?

"A.—The court without a jury.

and that he was conscious of the consequences it implied. *People* v. *Juarbe de la Rosa*, 95 P.R.R. 736 (1968). In the absence of circumstances that justify it, the court is not bound, as it is sought, to investigate defendant's age, his education and his "criminal experience."

(3) At the time of the pronouncement of sentence the trial judge inquired from the defendant, who was 19 years old, whether he had been previously convicted, to which he answered, referring to a sentence for the offense of burglary in second degree. For that reason he abstained from referring the record to the probation officer.[2] It is true that pursuant to § 2 of Act No. 103 of June 29, 1955 as amended, 34 L.P.R.A. § 1042, when a convict is under 21 years of age, the former convictions do not bar the granting of a suspended sentence. Nevertheless this is a discretionary power, and

---

"Q.—And is that a waiver made by you voluntarily, spontaneously, a choice you make so that I will be the one to try you and not the jury? Do you know that the court without a jury means the judge?

"A.—Yes, sir.

"Q.—I want to tell you that for a jury to try you at least nine out of the twelve jurors must render a verdict, whereas by the court only I decide whether you are GUILTY after hearing the evidence for the prosecution, so that there nine must agree and here I am the only one to decide.

"A.—Yes, sir.

"Q.—This notwithstanding, do you want it to be me and not the jury to try you?

"A.—Yes, sir.

"Q.—Do you believe that in this way your rights are better safeguarded?

"A.—Yes, sir." (Tr. Ev. 2–4.)

[2] "Judge:

"(to the defendant) Have you had other convictions?

"A.—Yes, sir.

"Q.—On what counts?

"A.—Burglary in the second degree.

"Judge:

"I was asking as he is under 19 years of age, in case he would ask to be sent to the probation officer, but with that Burglary in the Second Degree of which he admits having been convicted; the court orders him to serve an indeterminate sentence of from THREE TO SEVEN (3–7) years in the penitentiary at hard labor." (Tr. Ev. 36.)

contrary to *People* v. *Sánchez ·González*, 90 P.R.R. 192 (1964), it has not been shown that an abuse of discretion was incurred. *Cf. People* v. *Vélez*, 76 P.R.R. 135 (1954) ; *Fernández* v. *Rivera, Warden*, 70 P.R.R. 859 (1950).

■ (4) Under the circumstances previously stated it cannot be held that the evidence of the stolen goods introduced at the trial was the result of an illegal search. As it has been seen it is a question of the seizure of evidence which is abandoned or thrown away by a person. *People* v. *Arroyo Ramírez*, 96 P.R.R. 563 (1968) ; *People* v. *Saura Gómez*, 90 P.R.R. 780 (1964) ; *People* v. *Colón Colón*, 88 P.R.R. 182 (1963).

■ (5) The possession of stolen goods not satisfactorily explained, together with flight when surprised with the same, justifies the conviction. *People* v. *Gagot Mangual*, 96 P.R.R. 611 (1968), and cases cited therein. The defendant sought to establish that his meeting with the other burglar was accidental and that it took place after the theft. The court did not give him credit and specifically commented "that air conditioner needs two to push it through that hole." (Tr. Ev. 35.)

The errors assigned not having been committed, the judgment rendered by the Superior Court, San Juan Part, on May 28, 1968, will be affirmed.