[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Vicki H. Hutchinson for plaintiff.
Frederick W. Fawcett for defendant.
The instant proceeding is a petition for a writ of habeas corpus arising out of the petitioner's conviction before a jury for the crime of manslaughter in the first degree with a firearm in violation of Sec. 53a-55a of the General Statutes. The initial charge lodged was murder and the verdict returned was to a lesser included offense. He asserts in his application he was denied the effective assistance of counsel and that his attorney, Burton Weinstein, failed to call vital witnesses, failed to produce tape recordings, failed to present evidence of confessions made by other individuals and failed to explore the possibility of personal bias on the part of a witness. The court will address those premises seriatim.
Failure to Call Vital Witnesses
Utilization of the plural of the term witness requires a comment by this court. The happening of a memorable event and a shooting homicide is certainly a memorable event, on a public street where witnesses, pseudo witnesses and imaginary witnesses, gather in a forum much like a town meeting without moderator or rules, where vivid imaginations and loud voices become the order of the day is not an unusual occurrence. A cast of characters spew forth their observations, their creative impressions and, to CT Page 11222 some extent, fantasies in explaining and describing the event itself. That scenario gives rise to the subsequent statements that someone or many had seen, had heard or knew of the event in great detail and is most able and most willing to testify. Quite often, if indeed not most often, those representations prove to be flawed and the value of that witness is minimal if not totally worthless.
The personification of the foregoing hypothesis was Santiago Pizzarro, a reputed alibi witness. He stated that the applicant was in his apartment on Pine Street in Bridgeport between 9:15 and 9:30 on the evening immediately preceding the shooting. That shooting occurred after midnight that day in the early morning hours of the following day. He was sure of the time he saw the applicant because, as he said, he always went to bed at 10 o'clock every night. That testimony, in an attempt to create an alibi at the time, is absolutely useless as his apartment is in close proximity to the shooting and that shooting occurred some three (3) hours later. Pizzarro's value as an alibi witness is minimal at best and a decision by defense counsel not to call him can hardly be criticized.
What the court perceives as the primary thrust of the petitioner's application is the allegation of a tape recorded "confession" by a third party which supposedly exonerates Bahamonde. One Judy Vaselli, who was at the time of the trial Bahamonde's girlfriend, who has subsequently married and is now known as Judy Hernandez, made or caused to be made two tape recordings with respect to this case. The first was a recording between Wayne Jones and Edgardo Martinez, and the second was made by her and Jones. On the former tape, Martinez is said to have acknowledged the fact that he was the person who killed the victim rather than Bahamonde. Hernandez delivered the tapes to Weinstein who remembered receiving only one, listening to it and finding it irrelevant and totally useless. The conflicting testimony ordinarily would raise a question which might be said to raise an issue of significance.
The only evidence, much less credible evidence, that the court has as to the location of the tapes at this time, is Weinstein's testimony that he returned them to Hernandez. This court is unable to make any determination of the value, if any, of those tapes, because the petitioner never offered one, much less two. It is significant to note that Martinez himself testified and testified without contradiction that he was in fact CT Page 11223 incarcerated at the time the tape or tapes were supposedly recorded. A petitioner does not have any federal constitutionally protected right to present every piece of evidence he desires.State v. Hubbard, 32 Conn. App. 178, cert. denied, 228 Conn. 902. In the exercise of the right to present witnesses the petitioner has an obligation to comply with the established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. State v.Cassidy, 3 Conn. App. 374, 383, cert. denied, 196 Conn. 803; seeChambers v. Mississippi, 410 U.S. 284, 302.
Wayne Jones himself was not called by Weinstein. Jones had given two statements to the police. In one he uttered an admission of the sale of marijuana to the driver of the car who supposedly asked Jones for cocaine. Jones claimed he did not have any and went to get the petitioner. He said that he saw the shooting and told the police that both Martinez and the applicant had guns but only Bahamonde reached into the car and fired two shots. In his second statement, he refuted the first and implicated Martinez exculpating the applicant. He claims to have told Weinstein that he gave the first statement because he was threatened by the police with a long prison term for selling marijuana.
This homicide was reinvestigated by the State's Attorney's office approximately one year after the homicide. Weinstein requested that reinvestigation when his own investigation disclosed what he believed to be substantial evidence tending to establish the petitioner's innocence. Jones was interviewed and freely admitted that the first statement given was the truth and the second, the supposed refutation of the first, was caused by the intimidations of the petitioner's family. He also told the inspector that Martinez had said he shot a man on Pine Street, the situs of the homicide.
Weinstein testified he never spoke to Jones, and if he had, he would have brought the incident to the attention of the federal authorities and demanded that criminal charges be filed against the police officers. He said it was his decision in conjunction with Vaselli, now Hernandez, not to call Jones to testify. His evaluation of Jones was he would say almost anything, there was no way of knowing whether anything he might say would be true. This court is quite satisfied that that decision is sound trial tactics and not subject to the luxury of hindsight by this court. See Allison v. State, 597 F. Sup. 158, CT Page 11224 164 (D. Conn. 1984). The effectiveness of counsel must be examined in weight as to the time or the question representation.Levine v. Manson, 195 Conn. 636, 649. The inspector also testified that the state tried to call Jones as its witness on its case in chief. The trial court refused to permit it to. There should be no question that Weinstein knew the various statements Jones had given. He also knew and had himself discovered himself four alibi witnesses and four eye witnesses to the shooting who would attempt to exonerate the petitioner.
It is an additional hypothesis that Weinstein failed to call Martinez as a witness for the defense. In the instant proceeding, Martinez denied his culpability or even witnessing the shooting and further denied he had ever spoken to Wayne Jones. Weinstein testified that he never in his wildest dreams believed that Martinez would confess to the homicide at the applicant's trial. A very logical and cogent aspect of that judgment was that Martinez had been in the same lineup as the applicant when the applicant was identified as the only person with a weapon and as the person who committed the murder. In a habeas corpus proceeding, the applicant's burden of proving that fundamental unfairness had in fact occurred, is not met by speculation but by demonstrable realities. Ostolaza v. Warden, 26 Conn. App. 758,765, cert. denied, 222 Conn. 906. The concept that Martinez would confess at the applicant's trial defies reality and hardly could be said to be demonstrable.
The argument of the prejudice of a police officer, one Frank Williams, against the petitioner, seems to have been conceived by the applicant's father, who brought an action under Title 42, Sec. 1983 of the United States Code, alleging that he was brutalized by Williams during a demonstration some years before. Weinstein believed that that evidence was not relevant and would have no impact on the results of the trial. A supporting factor tending to vindicate that decision was that Williams testified he had no recollection of the applicant's father nor does he recall being sued or paying any money as a result of this supposed lawsuit. His participation in the investigation was minimal at best. Relevant evidence is evidence and in some degree advances the inquiry. It is material and probative. State v. Dabkowski,199 Conn. 193, 206.
The attack upon the adequacy of Weinstein's investigation leaves much to be desired. That investigation disclosed four alibi witnesses, all of whom placed the applicant in an apartment CT Page 11225 at the time this shooting occurred, and four eye witnesses to the actual shooting, three of whom said Martinez actually committed the murder, and the fourth who said she never saw the applicant at the scene. She said she saw Martinez by the car when she heard the shots. The claim of fatal investigating irregularities and identification process is without merit and cannot be considered because no such irregularities were offered. This claim, if indeed offered in good faith, was not pursued.
The burden of proof facing a petitioner for a writ of habeas corpus involves a two-pronged test. The first of these is that the performance of counsel was so deficient and his errors so serious that counsel was in effect not functioning as counsel, and second, that those errors functioned so as to deprive the defendant of a fair trial. Levine v. Manson, supra, 640, citing therein Strickland v. Washington, 466 U.S. 668, 687-694. The concept of fundamental fairness is the underpinning of a writ of habeas corpus. Sawyer v. Whitley, 505 U.S. ___,[1]120 L.Ed.2d 269, 293. To sustain a successful assault upon one's conviction, that person must clearly demonstrate a miscarriage of justice or other prejudice, not merely an error which might entitle him to relief on appeal. Hill v. United States, 368 U.S. 424, 428 reh. denied, 369 U.S. 808; D'Amico v. Manson, 193 Conn. 144, 156-57.
The petitioner has failed to meet his burden, and this court is satisfied that it can find no credible, much less persuasive evidence, to support his petition. Indeed, to say that there is no credible, factual predicate is hardly a misstatement. If there be any question about the quality of Weinstein's representation or whether he met the enunciated standards, that question has not been effectively raised and certainly not credibly demonstrated. For all of the foregoing reasons, the petition for a writ of habeas corpus is accordingly dismissed.
Moraghan, J.