**UNITED STATES of America, Plaintiff,**

v.

**James D. KRISTOFFERSON, Defendant.**

**Nos. C–94–2171 EFL, CR–90–0338 EFL.**

United States District Court,
N.D. California.

May 13, 1996.

James W. Ramsaur, Chapuis & Ramsaur, Oakland, CA, for Plaintiff.

Jeffrey L. Bornstein, Asst. U.S. Attorney, San Francisco, CA, for Defendant.

## ORDER

LYNCH, District Judge.

### I. INTRODUCTION

Defendant Kristofferson was convicted on three felony counts following a jury trial in this Court. Count 1 charged possession of cocaine with the intent to distribute. Count 2 charged conspiracy, and Count 3 charged Kristofferson with use of a firearm in connection with Count 1, the drug trafficking charge, in violation of 18 U.S.C. § 924(c). The Court sentenced him to total of ten years and three months in federal prison on July 3, 1991. Kristofferson subsequently appealed the conviction and sentence to the Ninth Circuit, and both were summarily affirmed. Kristofferson, represented by appointed counsel, brings this motion pursuant to 28 U.S.C. § 2255 making various allegations relating to his trial attorney, and contending that his conviction for use of a firearm should be reversed pursuant to the recent Supreme Court case of *Bailey v. United States*, — U.S. —, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

While Kristofferson's motion makes all of his claims, the government has at this time responded only to his *Bailey* claim. The Court heard oral argument on this claim on May 10, 1996. It is solely the *Bailey* claim that the Court addresses here.

### II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 authorizes the federal sentencing court to discharge or resentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus. *United States v. Addonizio*, 442 U.S. 178, 184–85, 99 S.Ct. 2235, 2239–40, 60 L.Ed.2d 805 (1979). But this does not encompass all claimed errors in conviction and sentencing. *Id.* at 187, 99 S.Ct. at 2241–42. Habeas corpus has long been limited to attack convictions and sentences entered by a court without jurisdiction or in violation of the Constitution or laws of the United States. *Id.* (citations omitted). A mere error of law does not provide a basis for collateral attack unless the claimed error constituted " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). When a change in the law "established that the conduct for which petitioner had been convicted and sentenced was lawful," the Court may review petitioner's claim on a § 2255 motion. *Id.* at 186–87, 99 S.Ct. at 2241. However, it has long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. *Id.* at 184, 99 S.Ct. at 2239–40 (footnote omitted).

In this instance, the change in the law related to 18 U.S.C. § 924(c) constitutes a situation in which the Court must determine whether there has been a "complete miscarriage of justice."

## III. DISCUSSION

### A. *Facts*

Kristofferson and his codefendant Robert Rutz were convicted of possession with intent to distribute 2 kilograms of cocaine and conspiracy to possess with intent to distribute 2 kilograms of cocaine. Kristofferson was arrested with a loaded 9 millimeter Smith & Wesson handgun, and Rutz had a loaded .25 caliber semi-automatic pistol.

At trial, the evidence revealed that Kristofferson and William Brooks, an informant, had a series of recorded telephone conversations in the Spring of 1990 regarding Brooks' attempt to purchase cocaine from Kristofferson. Kristofferson and Brooks arranged a meeting for June 7, 1990. On that day, Brooks and an undercover agent met Kristofferson in Kenwood in a parking lot near the firehouse. They met several times on June 7. When they could not reach an agreement, Kristofferson left the scene, but later returned. Brooks then departed in Kristofferson's truck. Brooks told the agents that he had been taken by Kristofferson to see the cocaine, which was then in Rutz' car. Kristofferson drove Brooks back to the firehouse, dropped him off, and drove away. Police officers then located Rutz and attempted to stop him, but he refused and led the police on a chase during which he threw a package containing 2 kilograms of cocaine out of the car window.

Meanwhile, Kristofferson had returned to the firehouse in his truck. Kristofferson sat in his truck with the motor running while Brooks talked to him through the driver's side window. Sergeant Harrington approached the truck and identified himself as a police officer. When Kristofferson put the truck in gear, Sergeant Harrington pointed his gun at Kristofferson's head, and he was then arrested. Harrington's search of the car revealed the loaded 9 millimeter gun under the front of the driver's seat.

At trial, Kristofferson testified that he had been threatened by Brooks, the informant, and had purchased the gun for protection. He testified that he planned to either shoot or arrest Brooks during the drug transaction.

### B. *Bailey*

Title 18 U.S.C. § 924(c)(1) provides that a person who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm" is subject to a five-year maximum sentence. At the time of Kristofferson's trial and conviction, the Ninth Circuit had held that

[I]f the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such dis-

play or discharge in fact occurred, then there is a violation of the statute. *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.1985).

■ However, in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the Supreme Court held that mere possession of a weapon was not enough to satisfy the "use" prong of § 924(c). The Supreme Court held that "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime." *Id.* at ——, 116 S.Ct. at 509. However, *Bailey* did not address the "carry" prong of the statute, except to note that it "brings some offenders who would not satisfy the 'use' prong within the reach of the statute." *Id.*

Following *Bailey,* the Ninth Circuit reexamined its case law with respect to the statute and held that *Bailey* had overruled, *inter alia, Stewart. United States v. Hernandez,* 80 F.3d 1253, 1256–57 (9th Cir.1996). The *Hernandez* court also examined the 'carry' prong of § 924(c)(1), holding "in order for a defendant to be convicted of 'carrying' a gun in violation of section 924(c)(1), the defendant must have transported the firearm on or about his or her person. This means the firearm must have been immediately available for use by the defendant." *Id.* at 1258, citing *United States v. Riascos–Suarez,* 73 F.3d 616, 623 (6th Cir.1996).

Defendant argues, and the government agrees, that there is no evidence that Kristofferson "used" the 9 millimeter firearm in relation to the drug trafficking offense. The only dispute is whether Kristofferson "carried" the weapon in relation to the offense. In order for his conviction of the offense to stand, two elements must be shown. First, the firearm must have been transported and have been immediately available for his use. Second, the carrying must have occurred in relation to the possession of the cocaine. In analyzing the phrase "in relation to," the Supreme Court has held that "the firearm must have had some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." *Smith v. United*

*States,* 508 U.S. 223, 238, 113 S.Ct. 2050, 2059, 124 L.Ed.2d 138 (1993). As explained below, the Court finds that both prongs of this test have been met.

### 1. Carrying A Firearm

■ As stated above, the evidence at trial established that when Kristofferson was arrested outside the firehouse, a 9 millimeter Smith & Wesson was found underneath the front part of the seat of his truck. Kristofferson had driven the truck to the firehouse a short while before, and was involved in negotiations for the cocaine with Brooks at the time he was arrested. While Kristofferson argues that the gun must have actually been on his person or in his clothing in order to be "carried," *Hernandez* has no such requirement. For example, in *Riascos–Suarez,* 73 F.3d at 623, a gun was found in the driver's side of a car console, though not on defendant's person. The Sixth Circuit found that the gun was immediately available for use and was therefore carried within meaning of § 924(c)(1). In this case, the evidence establishes that the 9 millimeter gun, though not on Kristofferson's person or in his clothing, was immediately available for use.

Kristofferson also argues that the gun was not transported since he did not flee when the police officer identified himself. However, the gun was found in the truck that defendant had just driven to the firehouse. This movement of the truck in the course of the drug transaction, with the gun immediately available for use constitutes carrying.

The Court therefore finds that the carrying prong of the test has been met.

### 2. In Relation To The Offense

■ Kristofferson argues that even if the firearm were carried, it was not carried in relation to the offense because no cocaine was found in his truck. He cites *Riascos–Suarez,* 73 F.3d at 623, in support of this argument. In that case, the defendant was stopped after a high-speed car chase and a weapon was found in the driver's side of the console. However, while no drugs were found in the car, police found a slip of paper naming a hotel room. When the police went

to the room, they found two other persons and a quantity of cocaine. The Sixth Circuit held that "the firearm was not carried 'in relation to' possession of cocaine, since no drugs were found in the car with the cocaine." *Id.* The court did find, however, that the firearm was carried in order to further a conspiracy to possess cocaine. *Id.* at 623–24.

Here, Kristofferson argues that his conviction of this count should be reversed because no drugs were found in his car, and because he was charged with carrying a firearm only in relation to the charge that he possessed cocaine, and not in relation to the conspiracy charge. *See* Count 3. The government contends that Kristofferson was in constructive possession of the cocaine through his control of Rutz. As the Court instructed the jury, possession may be shown if the defendant knows of the cocaine's presence and "has the power and intention to control it." *See, e.g., Ninth Circuit Manual of Mode Criminal Jury Instructions* § 3.16. This Court agrees that the evidence supports a finding that Kristofferson constructively possessed the cocaine at the time that he carried the firearm.

This Court finds that the Ninth Circuit would not follow the portion of the *Riascos–Suarez* decision that requires the defendant to physically possess the drugs while carrying the firearm, and instead finds that constructive possession of the cocaine, along with actually carrying the firearm in relation to the possession, satisfies the statute. The statement in *Riascos–Suarez* was made in the absence of any analysis or authority. Moreover, the Sixth Circuit did not need to reach the issue of whether the gun was carried in relation to the possession charge since it concluded that the gun was carried in relation to the conspiracy charge. This Court questions whether the *Riascos–Suarez* court would find that the carrying was not in relation to the possession charge if it were directly faced with the facts presented here.

In addition, the Court finds that the Sixth Circuit's approach would permit one defendant to arm himself while a confederate actually held the drugs. Through this stratagem, both would be able to escape the opera-

tion of § 924(c)(1). This Court can envision a scenario in which major drug dealers would carry weapons and would direct their "mules" or other cohorts to carry the drugs (or vice-versa). In this way, the major drug dealer would have constructive possession of the drugs and would be able to control them. He would also have the benefits conferred by carrying a firearm. However, neither confederate would suffer the consequences of § 924(c)(1). The Court finds that this would subvert the operation of the statute. Because constructive possession of drugs constitutes possession, the Court finds that a defendant who has constructive possession of a controlled substance, no less than actual possession of it, and who has a firearm immediately available for use in relation to the possession, violates § 924(c).

In this case, the Court finds that Kristofferson constructively possessed the cocaine. He also had a 9 millimeter gun immediately available for use. The Court further finds that Kristofferson's carrying of the gun was not incidental or accidental to the crime. *See Smith v. United States,* 508 U.S. at 238, 113 S.Ct. at 2058–59. Kristofferson testified that he armed himself so that he could "arrest or shoot" Brooks if it became necessary in the course of the transaction. Thus, he was carrying it in relation to his possession of the cocaine. The Court therefore finds that Kristofferson's conviction on Count 3 of the Indictment satisfies the requirements of 18 U.S.C. § 924(c)(1) such that his conviction does not constitute a fundamental miscarriage of justice.

### 3. *Jury Instructions*

Defendant complains that the jury instructions with respect to count 3 were erroneous. However, this is not a habeas claim as it does not involve either a lack of jurisdiction or a constitutional violation. *See Addonizio,* 442 U.S. at 184–85, 99 S.Ct. at 2239–40. Nor do any allegedly erroneous jury instructions create a fundamental miscarriage of justice that would constitute a habeas claim in light of the fact that the evidence supports Kristofferson's conviction. *Id.* As the Court noted *supra,* an error that may justify reversal on direct appeal will not necessarily sup-

944

port a collateral attack on a final judgment. *Id.* at 184, 99 S.Ct. at 2239–40. The Court will therefore not address Kristofferson's claim with respect to the jury instructions in this habeas corpus petition.

## IV. CONCLUSION

For the foregoing reasons and for good cause shown, it is HEREBY ORDERED that defendant's motion pursuant to 28 U.S.C. § 2255 on *Bailey* grounds is DENIED.

Future dates regarding the remaining claims will be set at the status conference on May 23, 1996.

IT IS SO ORDERED.