EDITH H. JONES, Circuit Judge,
joined by E. GRADY JOLLY, JERRY E. SMITH, EMILIO M. GARZA and EDITH BROWN CLEMENT, Circuit Judges,
concurring:
I concur in the judgment in this case and in the court’s decision applying plain *354 error analysis to determine whether the denial of a defendant’s right of allocution constitutes reversible error where the denial was not objected to in the trial court. This result is compelled by United States v. Vonn, 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). In Vonn, a nearly unanimous Supreme Court applied plain error review to guilty plea colloquies that were alleged, for the first time on appeal, to violate Fed.R.Crim. Proc. 11. See id. at 59, 122 S.Ct. 1043. I write separately because the court’s articulation of “presumed prejudice” at the second step of the plain error inquiry seems inconsistent with Vonn.[1] Nevertheless, plain error analysis, even as interpreted by the en banc court, will still compel a denial of relief in nearly all eases where a defendant, represented by counsel, did not point out to the trial court the “denial” of his right to allocute.
By adopting a “presumed prejudice” approach to the un-objected-to denial of allo-cution in the trial court, this court has effectively shifted a significant portion of the burden of proving plain error from the defendant. Justice Souter’s opinion in Vonn expressly distinguishes between harmless error and plain error review based on which party bears the burden to prove that a violation of a defendant’s substantial rights has taken place. As Justice Souter noted, harmless error review (consideration of an error timely raised by the defendant), places the burden on the government. But
[w]hen an appellate court considers error that qualifies as plain, the tables are turned on demonstrating the substan-tiality of any effect on a defendant’s rights: the defendant who sat silent at trial has the burden to show that his “substantial rights” were affected. Olano, 507 U.S. at 734-735, 113 S.Ct. 1770. Vonn, 535 U.S. at 62-63, 122 S.Ct. at 1048.
Contrary to this distinction, the en banc court today relieves a silent defendant of the burden of showing that his “substantial rights” were affected by allowing a “presumption of prejudice.”[2] Our court asserts that such a presumption, expressed but not explained in Olano, is appropriate because of (a) the elevated and historical importance of the right of allocution; (b) the difficulty of proving prejudice from a denial of this right; and (c) the fear that trial judges will not otherwise take allocution seriously. These reasons are inconsistent with the Supreme Court’s thus-far uniform application of the plain error rule.
First, I agree that a defendant’s right of allocution is important, but can it be more important than the right to enter a voluntary guilty plea, which was in Vonn held *355 subject to plain-error review without presumed prejudice? Moreover, in Vonn, unlike here, there existed constitutional underpinnings of standards for guilty pleas. Compare Vonn, 535 U.S. at 67, 122 S.Ct. 1043 (discussing the Court’s decision in McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which noted the constitutional dimensions of guilty pleas), with Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (noting that allocution error is “neither jurisdictional nor constitutional,” nor is it “a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with rudimentary demands of fair procedure”). Further, Vonn interpreted a federal rule that, like the rule involved here, requires the court to address the defendant “personally” in open court. Given the linguistic identity between Fed.Crim. Rules 11 and 32(c)(3) and the superior constitutional pedigree of a guilty plea’s voluntariness, it seems capricious for this court to deviate from Vonn and diminish the defendant’s burden of proving harm to his substantial rights.[3]
Second, it is far from clear that proving harm to a defendant’s substantial rights in this context is more difficult than with regard to other forfeited errors. The majority extols the intangible benefit from a defendant’s allocution at sentencing, but one might more realistically conclude that only a mediocre lawyer must depend on his client’s unschooled eloquence to garner mercy from the judge. If there are facts that mitigate culpability and suggest a lower sentence, our system presupposes that the effective lawyer raised them in support of his client with or without allocution. Such facts, in turn, are reviewable on appeal without requiring a presumption of prejudice. Further, that the right of allo-cution was denied hardly suggests a defendant’s sentence is harsher than it might have been. Indeed, many defendants may incriminate themselves further by speaking up at sentencing. Mere suppositions do not justify a presumption of prejudice.
Third, the court seems to fear that judges will take a defendant’s allocution right less seriously if this aspect of plain error analysis is maintained. Such reasoning was dispatched in Vonn in no uncertain terms. Justice Souter observed the potential, absent plain error, for a defendant’s “lying behind the log” with regard to Rule 11 guilty plea errors, and he responded as follows:
This result might, perhaps, be sufferable if there were merit in Vonn’s objection that applying the plain-error standard to a defendant who stays mum on Rule 11 error invites the judge to relax.... But, rhetoric aside, that is always the point of the plain-error rule: the value of finality requires defense counsel to be on his toes, not just the judge, and the defendant who just sits there when a mistake can be fixed cannot just sit there when he speaks up later on. 535 U.S. at 73, 122 S.Ct. at 1054. (emphasis added).
In a footnote, Justice Souter reinforced this point, stating that “[i]t is fair to burden the defendant with his lawyer’s obligation to do what is reasonably necessary to render the guilty plea effectual and to refrain from trifling ivith the court.” Id. at 73 n. 10, 122 S.Ct. 1043 (emphasis added).
For all these reasons, it is incorrect and imprudent to distinguish plain error review in denial of allocution cases from the test articulated in Vonn.
*356 Nevertheless, the court’s presumed prejudice approach is less troubling than it could be. After inverting the harmless error burden onto the government, the court majority snatches victory out of this defendant’s hands by finding that the trial court’s plain error did not “seriously affect the fairness, integrity, or public reputation of the proceedings as a whole.” This last prong of plain error analysis, although subject to the court’s discretion, cannot be easily satisfied. The court correctly describes the facts of the case before us as highly unusual, but there is no signal concerning future, less unusual cases. In most of these appeals, to prevail, defendants will have to show some objective basis that would have moved the trial court to grant a lower sentence; otherwise, it can hardly be said that a miscarriage of justice has occurred. See Johnson v. United States, 520 U.S. 461, 469, 117 S.Ct. 1544, 1550, 137 L.Ed.2d 718 (1997).
In sum, although I believe the court has deviated from the clear precepts laid out in Vonn, I agree with the final result and remain convinced that a defendant’s best hope for an effective allocution lies with his attorney’s vigilant representation in the trial court.

. In Vonn, the Supreme Court repeated the analytical steps to be taken in conducting plain error analysis. First, the error by the trial court must be "plain.” Second, the defendant has the burden to show that his "substantial rights” were affected. See Vonn, 535 U.S. at 63, 122 S.Ct. 1043 (citing United States v. Olano, 507 U.S. 725, 734-735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Third, "because relief on plain-error review is in the discretion of the reviewing court, a defendant has the further burden to persuade the court that the error seriously affected the fairness, integrity or public reputation of judicial proceedings.” Id. (internal citations and quotation marks omitted). Notably, the Vonn Court rejected Justice Stevens' position expressed in his lone partial dissent regarding the existence of such a presumption. See id. at 73 n. 10, 122 S.Ct. 1043; id. at 76-80, 122 S.Ct. 1043 (Stevens, J., concurring in part and dissenting in part).

. Unfortunately, the en banc court's application of "presumed prejudice” extends to nearly all allocution appeals by triggering the presumption if a sentence is anything other than the bottom of the Guidelines and if there were disputed issues at sentencing. These two criteria describe virtually the entire universe of Guideline sentences.

. The court relies on authority from other circuits to fortify its presumed prejudice approach. Significantly, none of the cases cited by the majority post-dates Vonn.