

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4723

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Trader" (2006). *2006 Decisions.* Paper 1524.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1524

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-124                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4723
_____

UNITED STATES OF AMERICA

v.

OSSIE R. TRADER,
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 81-cr-00337-1)
District Judge: Honorable Stewart Dalzell
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2006

Before:  SLOVITER, MCKEE AND FISHER, CIRCUIT JUDGES

(Filed February 28, 2006)

_____

OPINION
_____

PER CURIAM

        In 1982 Ossie Trader was convicted of bank robbery and related offenses for

which he was sentenced by the District Court to twenty-five years in prison. This Court affirmed and his subsequent motions for reconsideration of his sentence were denied. (Trader later committed another bank robbery while on parole, resulting in further convictions, sentences, and proceedings in the District Court and in this Court.)

In 2000 Trader filed a motion pursuant to 28 U.S.C. § 2255 challenging the 1982 conviction. The District Court found that Trader's motion was time-barred and, alternatively, that Trader's claims were meritless. This Court denied Trader's request for a certificate of appealability, agreeing with the District Court on both grounds. See United States v. Trader, C.A. No. 02-2744 (3d Cir. Dec. 17, 2002).

In January 2005 Trader filed a motion to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a). The District Court denied the motion, explaining that the sentence was not illegal. Trader subsequently filed a motion for reconsideration, which the court also denied. This Court summarily affirmed the denial of both motions. See United States v. Trader, C.A. No. 05-1267 (3d Cir. Sep. 16, 2005)

In October 2005 Trader filed another Rule 35(a) motion raising the same arguments. The District Court again denied the motion, and this appeal follows.

I

The version of Rule 35 effective when Trader was sentenced provides that "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R.

2

Crim. P. 35(a) (West 1976). Under the Rule, a sentence is "illegal" if "[t]he punishment meted out was ... in excess of that prescribed by the relevant statute, multiple terms were ... imposed for the same offense, [or] ... the terms of the sentence itself [were] legally or constitutionally invalid in any other respect." Hill v. United States, 368 U.S. 424, 430 (1962).

Trader's arguments here are no more persuasive than they were in their first incarnation. As thoroughly explained in the District Court's two January 2005 Orders, Trader's sentence – twenty-five years for armed robbery (Count III of the four charged against him) – was not illegal. See United States v. Trader, No. 81-cr-00337-1 (E.D. Pa. Jan. 13, 2005); United States v. Trader, No. 81-cr-00337-1 (E.D. Pa. Jan. 31, 2005). Trader's rationale for re-filing, that the District Court "never applied the facts or the law to petitioner's claims," is meritless. Accordingly, we will affirm the judgment of the District Court. To the extent that Trader's filings include motions to assign the case to a different district court judge and to expedite the appeal, the motions are denied.