103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth ALLEN, Petitioner-Appellant,
v.
Charles B. MILLER, Respondent-Appellee.
 No. 95-3457.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 14, 1996.*
Decided Nov. 21, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Jan. 21, 1997.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Allen was convicted by a jury of raping his juvenile daughter, a class B felony, under Indiana Code § 35-42-4-1(1), and was sentenced to a term of imprisonment totaling 15 years. Allen seeks a writ of habeas corpus under 28 U.S.C. § 2254, and appeals the district court's order denying his petition. Allen contends that Articles III(a) and IV(c) of the Interstate Agreement on Detainers (IAD) were violated. For the first time, Allen argues in this appeal that his literacy problems were the cause of the habeas corpus delay. Since this claim was not presented to the district court it is waived. Weber v. Murphy, 15 F.3d 691, 695 (7th Cir.1994), cert. denied, 114 S.Ct. 1865 (1994). After conducting a de novo review, we affirm the judgment of the district court. Harmon v. McVicar, 95 F.3d 620, 622 (7th Cir.1996).
 
 
 2
 Article IV(c) of the IAD provides that a transferred prisoner's trial "shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, ... the court having jurisdiction of the matter may grant any necessary or reasonable continuance." According to IAD Article V(c) if trial isn't commenced within this time the charges shall be dismissed with prejudice. However, the Supreme Court held that "A state court's failure to observe the 120-day rule of IAD Article IV(c) is not cognizable under § 2254 when the defendant registered no objection to the trial date at the time it was set, and suffered no prejudice attributable to the delayed commencement." Reed v. Farley, 114 S.Ct. 2291, 2293 (1994). The district court properly dismissed this claim because Allen did not object to the trial date at the time it was set and has not alleged any prejudice.
 
 
 3
 Allen also asserts that Article III(a) of the IAD was violated. Article III(a) requires that a prisoner be brought to trial within 180 "days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint." The Supreme Court has "stated that habeas review is available to check violations of federal laws when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure.' " Reed v. Farley, 114 S.Ct. 2291, 2297 (1994) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). The Court held that in order to meet this standard a mere technical violation would be insufficient and that there must be some "aggravating circumstances." Id. at 2298. The Court's holding in Reed v. Farley, can be construed as applying to not only Article IV(c), but also to Article III(a). Id. at 2296, 2296 n. 6. Additionally, "[a] showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause," and prejudice is completely lacking in this case. Id. at 2299. Therefore, Allen's failure to show prejudice or make a timely objection at the time the court date was set supports the district court's denial of the petition alleging an Article III(a) violation as well.
 
 
 4
 Even if Article III(a) does not require prejudice, it appears that the 180-day period did not expire prior to Allen's trial, despite his numerous allegations to the contrary. Allen first attempts to assert that the prosecutor received his notice on March 20, 1992, rather than April 3, 1992. Fex v. Michigan, 507 U.S. 43, 52 (1993) (180-day clock triggered when court and prosecutor actually receive notice). However, throughout the record and in his briefs Allen has stated that April 3, 1992, is the actual date that the prosecutor received notice.[1] Allen alleges that J.A. Cummins, Chief Deputy Prosecutor, stated that he personally received the notice from Allen on March 20, 1992. (Br. of Appellant at 12). Allen apparently relies on Exhibit A attached to his Memorandum in Support of Petition for Rehearing which is dated April 3, 1992. This letter does not state that anything was received on March 20, 1992, and only acts to further bolster that the notice was not received until April 3, 1992. Additionally, § 2254(e) states that "a determination of a factual issue made by a State court shall be presumed to be correct."[2] Both the trial court and the Indiana Court of Appeals found that April 3, 1992, was the date the prosecutor received notice and therefore the proper IAD trigger date. Allen v. State, 636 N.E.2d 190, 193 (Ind.App.1994). Allen has failed to rebut this presumption by clear and convincing evidence and the district court properly concluded that the prosecutor did not receive the notice until April 3, 1992.
 
 
 5
 The district court properly calculated the expiration of the 180 days as being February 24, 1993, after taking account of the delay caused by the court's granting of Allen's counsel's motion for a continuance. Article III(a) states that "for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." Since the continuance request from Allen's counsel resulted in the June 29, 1992, trial date being re-set for November 23, 1992, this 147 day period was properly added onto September 30, 1992 (the date when the 180 day period would have originally expired), resulting in the adjusted expiration date of February 24, 1993. See United States v. Nesbitt, 852 F.2d 1502, 1515-16 (7th Cir.1988), cert. denied, 488 U.S. 1015 (1988) (explaining the tolling of the 180 day period when defendant caused delay). Allen's trial took place on February 22, 1993, two days prior to the expiration of the adjusted 180 day period.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Allen admits that the prosecutor was not notified until April 3, 1992. (Reply Br. at 10). Allen's February 1, 1992, motion to dismiss states that his notice was "received on April 3, 1993[sic]." (R., Memorandum in Support of Return to Order to Show Cause, Ex. 4, Memorandum in Support of Petition for Rehearing at 5 par. 6). Allen even indirectly admits that April 3, 1992, was the proper starting date for the 180 day period, in stating that the period would have ended on September 30, 1992. (Br. of Appellant at 14; Reply Br. at 1, 6, 7)
 
 
 [2]
 Section 2254(e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, which we decided applies to pending cases. Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996)