**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7782

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KELLES DION JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-87-38; CA-87-85)

Submitted: January 13, 2005          Decided: January 21, 2005

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kelles Dion Jackson, Appellant Pro Se. Henry Edward Hudson, REED, SMITH, HAZEL & THOMAS, L.L.P., McLean, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kelles Dion Jackson seeks to appeal the district court's order recharacterizing his motion brought pursuant to Fed. R. Crim. P. 35(a) as a 28 U.S.C. § 2255 motion and dismissing it as untimely and successive. We have reviewed the record and the district court's opinion and conclude that Jackson's motion was properly recharacterized as one arising under § 2255.[*] See Hill v. United States, 368 U.S. 424, 430 (1962).

An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or

---

[*]It is well established that a motion brought pursuant to Fed. R. Crim. P. 35(a) is limited to the correction of an illegal sentence. Hill v. United States, 368 U.S. 424, 430 (1962). A sentence is illegal if the punishment meted out was in excess of that prescribed by the relevant statutes, multiple terms were imposed for the same offense, or the terms of the sentence itself were legally or constitutionally invalid in any other respect. We have interpreted Hill's third basis for a Rule 35(a) motion, sentences that are legally or constitutionally invalid in any other respect, to implicate only sentences that are "ambiguous or internally contradictory." United States v. Pavlico, 961 F.2d 440, 443 (4th Cir. 1992). Jackson's allegations do not meet any of these requirements.

wrong.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003);
Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d
676, 683 (4th Cir. 2001).  We have independently reviewed the
record and conclude that Jackson has not made the requisite
showing.  Accordingly, we deny a certificate of appealability and
dismiss the appeal.  We dispense with oral argument because the
facts and legal contentions are adequately presented in the
materials before the court and argument would not aid the
decisional process.

DISMISSED